60   563
104   602

# Lesslie *v.* Richardson *et al.*

*Bill in Equity by Purchaser, to recover Money paid at Sale under Chancery Decree.*

1.   *Sale of lands under judgment or decree afterwards reversed.*—A sale of lands, under a judgment or decree which is afterwards reversed on error, is not thereby avoided, unless the judgment or decree is void ; and an averment, in a bill asking relief against a purchase at such sale, that the decree was "reversed and annulled " by this court on appeal, is not equivalent to an averment that it was void.

2.   *Money paid under mistake ; remedy at law and in equity.*—A bill in equity does not lie to recover money paid under a mistake, either of fact or of law : if paid under a mistake of fact, an action at law is the appropriate and only remedy ; and if under a mistake of law, it can not be recovered at all, either at law or in equity.

3.   *Sufficiency of demurrer; dismissal for want of equity.*—When a bill is wanting in equity, it may be dismissed by the court on that account, even though no demurrer be interposed, or be defective in the specification of causes ; and if dismissed on demurrer, though the demurrer be defective, this court will not reverse, unless the record shows that the complainant offered to remedy the defects of the bill by amendment.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. R. S. WATKINS.

The bill in this case was filed on the 3d April, 1873, by Mrs. Nannie T. Lesslie, suing by her husband as her next friend, against the heirs and administrator of William Richardson, deceased, and the sureties on the official bond of said administrator, and against the personal representative and heirs of Thomas Bass, deceased; and sought relief on account of the purchase of a tract of land by complainant, under the following state of facts :   On the 7th October, 1861, William Richardson obtained a judgment against Thomas Bass and others, in the Circuit Court of said county ; and the judgment being unsatisfied, on the 1st July, 1867, said Richardson and Bass both having died, the administrator of Richardson filed a bill in chancery against the administrator of Bass, seeking to subject certain lands to the satisfaction of said judgment.   Under a decree in favor of the complainant in that suit, the lands were sold by the register on the 7th December, 1868, the complainant in this suit becoming the purchaser, at the price of $505.40.   The sale was reported to the court, and confirmed by it, and a deed was executed to Mrs. Lesslie as the purchaser under its decree ; and she alleged in her bill in this case that the purchase-money paid by her was distributed by Richardson's administrator among

[Lesslie v. Richardson et al.]

the persons entitled to share in his estate. Some time afterwards, but before the expiration of two years, an appeal from the chancellor's decree was sued out by the administrator of Bass, and the decree "was reversed and annulled" by this court, on the 9th July, 1870; but the case has never been reported, and no copy of the opinion is set out in the record. After the reversal of this decree, John Turrentine, as the administrator of the estate of Thomas Bass, obtained an order from the Probate Court for the sale of said lands; and at his sale, under the order of said court, Mrs. Lesslie again became the purchaser, at the price of $505.40; which sum she paid to said administrator, and, the sale being confirmed, he executed to her a conveyance of the lands.

The bill alleged that the complainant, at the time of her purchase at the first sale, under the chancery decree, "had no notice or knowledge of any of the facts set forth in the said proceedings in chancery, and was induced to purchase the same by the representations of the heirs of said Richardson, that his administrator had a decree, and a right to sell the same, and could and would make a good title thereto;" that, after the reversal of said chancery decree, "said Turrentine stated and represented to her that she obtained no title to said land under her first purchase, and that she would lose valuable improvements which she had erected thereon, and that said land still belonged to the estate of Thomas Bass, and that he, as administrator of said Bass, had the right and authority to sell the land; and that she, said complainant, being ignorant of the facts connected with the proceedings to sell said lands, both in the Chancery and in the Probate Court, and knowing that said Turrentine was familiar with the facts in both cases, and having great confidence in him, was thereby, and in consideration of the premises, induced to buy said land a second time as above stated." The bill alleged, also, that Richardson's said judgment was not a just debt or charge against the estate of Bass, because said estate was duly declared insolvent on the 22d July, 1867, and said judgment was not filed as a claim against it within nine months after the declaration of insolvency. The prayer of the bill was as follows: "Your oratrix prays that, on final hearing, the heirs of the estate of said William Richardson, deceased, above mentioned, and the administrator thereof, be required to refund and restore said sum of $505.40 to your oratrix, with the interest thereon; and that said lands above described, belonging to the estate of said Richardson, be held liable therefor. But, if your oratrix be mistaken in this remedy, then she further prays that said John Turrentine be decreed to pay back to your oratrix the said sum received by

[Lesslie v. Richardson et al.]

him, herein shown; and she further prays for all such other and further relief as the facts of the case demand."

The heirs and administrator of Richardson filed a joint demurrer to the bill, but without specifying any causes or grounds of demurrer; and said Turrentine, as administrator of Bass, also filed a demurrer—1st, for want of equity; 2d, for misjoinder of parties; 3d, because the complainant has a plain and adequate remedy at law; and, 4th, for multifariousness. On the hearing on the demurrers, the complainant offered to amend her bill, by striking out the names of Richardson's administrator and his sureties as parties, and the averments in reference to the insolvency of Richardson's estate, and the failure to file the judgment as a claim against it. The chancellor sustained the demurrers, not stating on what ground, and dismissed the bill, but without prejudice; and he refused to allow the proposed amendment, holding that it would not remedy the defects of the bill. The refusal to allow the amendment, and the dismissal of the bill, are now assigned as error.

R. A. McCLELLAN, for appellant.—The demurrer for want of equity merits no consideration, since the statute requires a specification of the causes of demurrer.—Rev. Code, § 3350. Only two special grounds of demurrer are assigned—multifariousness, or misjoinder of parties, and adequate remedy at law. The form of the bill is an answer to the first objection, being filed in a double aspect.—38 Ala. 329; 11 Ala. 325; 7 Porter, 144. If she was entitled to relief in either aspect, her bill should have been retained, and the other part struck out by amendment. She had no remedy at law against Richardson's estate, because the money paid to his administrator was not assets in his hands.—20 Ala. 354; 19 Ala. 25; 11 Ala. 264; 8 Ala. 80. Nor could she maintain an action against him individually, after he had paid over the money without notice or previous demand.—12 Ala. 778; 5 Ala. 292. If she could sue Richardson's heirs, she could only recover the particular sum which could be traced into the hands of each, and must bring a dozen or more suits; and a court of equity will intervene to prevent such multiplicity of suits. 3 Stew. 383; 7 Ala. 585. If she has a remedy against Turrentine, by action at law, this does not take away the original jurisdiction of equity in cases of mistake; and the whole doctrine of implied trusts, as applied in equity, is founded on the idea that one person will not be allowed to retain money or property which, in equity and good conscience, belongs to another.—2 Story's Equity, §§ 1251–56; Hill on Trustees, 173–4, and authorities cited in notes. That com-

plainant may recover the money paid under the facts stated in the bill, whether it be called a mistake of fact or of law, see *Gwynn v. Hamilton's Adm'r*, 29 Ala. 233; 8 Wheaton, 174, 217; 1 Peters, 1–16; 1 Story, 122–38; 32 Geo. 181; 20 Cal. 637; 33 Mo. 377; 2 Conn. 617; 21 Geo. 118; 1 Beasley, N. J. 165; 1 Head, Tenn. 77.

L. P. WALKER, and LUKE PRYOR, *contra.*—The complainant can not recover from Richardson's administrator, because he paid out the money in due course of administration, without notice of the mistake.—5 Ala. 292; 12 Ala. 292. Since there can be no recovery against him, he was an improper party, and the bill was multifarious. It is multifarious, also, because the claims or liabilities of Richardson and Turrentine have no connection whatever; in fact, they are inconsistent and antagonistic, and if one is liable, the other is not.—*Colburn v. Broughton*, 9 Ala. 351; *Waller v. Taylor*, 42 Ala. 297 *Hardin v. Swope*, 47 Ala. 273. But no recovery can be had against either, since the doctrine of *caveat emptor* applies to judicial sales.—*Worthington v. McRoberts*, 9 Ala. 297; *O'Neal v. Wilson*, 21 Ala. 288. Nor can money be recovered, either at law or in equity, when paid through ignorance or mistake of law.—*Beene v. Collenberger*, 38 Ala. 647; *Town Council of Cahaba v. Burnett*, 34 Ala. 400; *Dill v. Shahan*, 25 Ala. 694.

STONE, J.—William Richardson recovered a money judgment against Thomas Bass and others. Each of the parties died, leaving the judgment unsatisfied. Richardson, the administrator of Richardson, filed a bill against Turrentine, administrator, and the heirs-at-law of Bass, to subject lands descended to the payment of said judgment. A decree was rendered, in accordance with the prayer of the bill, and under it certain lots in the town of Athens were sold, and purchased and paid for by Mrs. Lesslie, and title and possession given to her. Richardson's administrator then settled his administration, and distributed the money he had received from the sale of said lots, and was discharged as administrator. Subsequently, the decree, under which the lots were sold, was reversed in this court, on the appeal of the legal representative and heirs of Bass, and the bill finally disposed of against Richardson. Thereupon, Turrentine, who had previously obtained an order in the Probate Court to sell said lots, did sell them, and Mrs. Lesslie again became the purchaser, paying about the same sum at each sale, and received a conveyance from the administrator, Turrentine. The present bill was filed against the distributees of Richardson, his personal representative, and the sureties of the

latter, and against Turrentine, the administrator of Bass. It sets forth the facts stated above; avers that there is real estate, which was of the estate of Richardson, deceased, and which is now in the hands of one of the Richardson heirs as purchaser; and prays that said real estate be declared subject, and that "the heirs of the estate of William Richardson deceased, and the administrator thereof, be required by decree to refund and restore the said sum of five hundred and five dollars and forty cents to your oratrix. . . . . But, if your oratrix be mistaken in this remedy, then she further prays that the said John Turrentine be decreed to pay back to your oratrix the said sum received by him herein shown.".

There was a demurrer filed to the bill, which the chancellor sustained. Among the causes of demurrer assigned is that of multifariousness, which consists of misjoinder of causes of action and of parties. Pending the argument on demurrer, the complainant moved for leave to amend her bill, by striking out the names of William Richardson's administrator and his sureties, and claiming no relief against them in that capacity. This would have left the heirs and distributees of Richardson, and the administrator of Bass, the only defendants to the bill. The chancellor refused to allow the amendment, holding that it would not heal the defects of the bill.

The present bill charges, that the decree in favor of Richardson, administrator, against Turrentine, administrator, and others, under which the lots were sold in December, 1868, was "reversed and annulled" in this court, in June, 1870. This is not equivalent to an averment that the decree was void, for defect of jurisdiction, or for other cause. A sale, made under a judgment or decree that is afterwards reversed for error, is not thereby avoided, unless the judgment or decree under which it is made is void.—1 Brick. Dig. 773, § 1971; Rorer on Judicial Sales, §§ 63 to 68, 138, 139, 483; Freeman on Judgments, §§ 117, 118; Freeman on Executions, § 345. There is not enough in the present bill to justify a recovery against Richardson's heirs or distributees. The bill does not show on what ground the decree was reversed and annulled; and although we think the decree was probably reversible on appeal, it was not void.

2. Nor are we prepared to say a remedy could be had against Turrentine.—See *Beene v. Collenberger*, 38 Ala. 647; *Town Council v. Burnett*, 34 Ala. 400. The claim against Turrentine, even if it fell without the influence of the doctrine of money paid under a mistake of law, is, at most, only an effort to recover back money paid by mistake; an action

[Acklen's Executor v. Hickman.]

for money had and received.   An action of assumpsit is the appropriate remedy in such case.   When there is a complete and adequate remedy at law, the Chancery Court has no jurisdiction, unless it is conferred by statute.   There is no statute which confers on that court jurisdiction of a simple money demand like this.—1 Brick. Dig. 639, § 3.

3.   It is here contended, that the grounds of demurrer assigned in this record do not sufficiently specify the defects in the bill, noticed above, and that, on that account, the demurrer should have been disregarded.—Code of 1876, §§ 3005, 3784.   There is another principle, however, which renders this inquiry immaterial.   The bill contains no equity, and it is not error to dismiss such bill, even though there be no demurrer.   To put the court in error, the complainant must have offered to amend her bill, so as to give it equity.   This the record fails to show she did.

The chancellor's decree is affirmed.

BRICKELL, C. J., not sitting, having been of counsel.