# Wallace, *et al. v.* Markstein.

*Bill to Redeem from Sale to Enforce Vendor's Lien by Purchaser after Sale.*

(Decided Feb. 17, 1906.     40 So. Rep. 201.)

1. *Vendor and Purchaser; Right to Redeem by Purchaser after Sale.*—The right to redeem after sale is a personal right, which cannot be transferred, except before sale; and the right of redemption as vendee, under Section 3505, Code 1896, ex-

[Wallace, *et al.* v. Markstein.]

tends only to those who have purchased the equity of redemption before a sale from which redemption is sought.

2. *Pleadings; Demurrer; General Demurrer.*—Under Code 1896, Section 3303, none but special demurrers, as to matter of substance, are permitted, but in the case at bar, demurrers which are grounded upon the statement that the allegations of the bill show no sufficient rights in the complainant to exercise such right of redemption as claimed in the bill, and, that the allegations of the bill do no sufficiently show that the complainant is entitled to exercise such right of · redemption in the manner and form as alleged, although general in form, are sufficient, and clearly point out that complainant occupies neither relation mentioned in the statute.

APPEAL from Randolph Chancery Court.

Heard before Hon. W. W. WHITESIDE.

This was a bill filed by appellee, seeking to redeem the mineral interests in certain lands therein described. The allegation of his right to redeem is based upon a purchase of the mineral interest in the land from the Moore & Hadley Hardware Company, who acquired title through a sheriff's sale under a judgment obtained against one Leo Levi. Said Levi, it is alleged, purchased the lands of one Lashley for a consideration of $5,500, of which $200 was paid in cash and promissory notes executed for the balance; said notes being made payable to Lashley and to one Aughay, Walker and Bell, that these parties to whom the notes were payable filed a bill in the Chancery court of Randolph county on the 14th day of July, 1902, to enforce a vendor's lien on the mineral interests in all the land for the satisfaction of the purchase-money notes; that on the 13th day of April, 1903, under an order of sale of this mineral interest, Sam Wallace became the purchaser for the sum of $29; on October 13, 1903, the sale was confirmed, and the register of the court executed a deed to Sam Wallace for the mineral interests in all of said lands, and on the 20th of August, 1903, Sam Wallace and his wife sold and conveyed by proper deed the mineral interest in, under, and upon all of said lands situated in Randolph county; that on June 29, 1904, the said Levi and his wife con-

veyed to complainant all the right, title, and interest which he had in and to all of the land situated both in Clay and Randolph counties—and concluding with a prayer to be let in to redeem. He also alleges a tender of the proper amount to redeem and a refusal on the part of the respondent. Demurrers were interposed to the bill as follows: "(6) The statements of said bill show no sufficient right in the complainant to exercise said right of redemption as claimed in said bill of complaint. (7) The statements contained in said bill of complaint do not sufficiently show that the complaint is entitled to exercise such right of redemption in the manner and form as alleged in the complaint."

W. F. Johnson and Blackwell & Agee, for appellant.—The demurrers are not general demurrers within the meaning of the Code.—*Brock v. S. & N. R. R. Co.,* 65 Ala. 79. The statute limits the right of redemption to the debtor, his vendee, junior mortgagee or assignee or his vendee, and does not give any right of redemption to the assignee of a person who himself had only a statutory right of redemption.—*Burk v. Brewer,* 133 Ala. 390; *Terry v. Allen,* 132 Ala. 658; *Powers v. Andrews,* 84 Ala. 289; *Adkins v. Bridgeford,* 84 Ala. 295; *C. R. E. & V. Asso. v. Parker,* 84 Ala. 298.

Knox, Acker & Blackmon, for appellee.—Counsel cites *Sims v. Sampey,* 64 Ala. 230; *Flournoy v. Arthur,* 81 Ala. 494; *Bank v. Elliott,* 125 Ala. 653; *Prichard v. Sweeney,* 109 Ala. 651; *Harris v. Miller,* 71 Ala. 26.

SIMPSON, J.—This is a bill filed for the purpose of redeeming the mineral interests in certain lands lying in Randolph and Clay counties. The lands were originally sold by Lashley to Levi, and a vendor's lien for a considerable amount remained upon the lands in favor of Lashley. That portion of said interest in said lands lying in Randolph county was sold September 1, 1902, under an execution against Levi on a judgment rendered

in favor of the Moore & Handley Hardware Company in
March, 1902, and bought in by said Moore & Handley
Hardware Company; and on July 13, 1904, the same
was sold by said Moore & Handley Hardware Company
to the complainant· (the appellee). On July 14,
1902, a bill was filed against said Levi to en-
force the lien for purchase money, and the
mineral interests in both counties were sold thereunder
in April, 1903, to appellant Samuel Wallace, and he in
August, 1903, conveyed that part in Randolph county to
the other appellant, Fred York, who is a nonresident of
Alabama. In June, 1904, said Levi conveyed all of his
right, title, and interest in the said lands in both coun-
ties to the complainant, and on July 13, 1904, the Moore
& Handley Hardware Company, conveyed their interest
to complainant. So it appears that the defendants hold
under the sale to enforce the vendor's lien; and the com-
plainant, who seeks to redeem, holds the interest in Ran-
dolph county under a deed made subsequent to the fore-
closure sale by the Moore & Handley Hardware Com-
pany, who had previously bought the equity of redemp-
tion under their judgment, and he holds that part in
Clay county by virtue of the deed of Levi, made after
the lien had been foreclosed against him. It has been
uniformly held by this court that the right of redemp-
tion, which is given by the statute after sale, is purely
the creation of the statute, and that it is merely a per-
sonal privilege conferred upon those named in the stat-
ute, and is neither property nor the right of property,
not assignable and not subject to levy and sale under ex-
ecution.—*Burke v. Brewer*, 133 Ala. 289, 392, 32 South.
602, and cases cited; *Terry v. Allen Bros.*, 132 Ala. 657,
32 South. 664. While section 3505 of the Code of 1896
extends the right of redemption to the vendee of the debt-
or, that evidently refers to a person to whom the debtor
may have sold the equity of redemption before the sale,
under the decree or mortgage, etc., as the word "vendee"
necessarily refers to a sale of land, and after the sale,
by foreclosure or otherwise, under the statute, no inter-

est in the land remains to be sold; and, if the statute had intended to confer the right to transfer or assign the personal right held by the debtor, other words would have been used. So, when the Moore & Handley Hardware Company conveyed to complainant, they had no interest in the land to convey after it had been sold under the foreclosure proceedings, but merely a personal right, which did not pass by the conveyance to complainant.

The chancellor held that the sixth and seventh grounds of demurrer to the bill were merely general demurrers, and therefore refused to consider them. Under the general principles of the law before the enactment of our statute, demurrers were either general or special; the former being deemed sufficient when the bill was defective in substance, and the latter being required where the objection was to the form of the bill. And they are said to be general "when no particular cause is assigned except the usual formulary * * * that there is no equity in the bill," and special "when the particular defects or objections are pointed out." Story's Eq. Pl. (10th Ed.) p. 416, § 455; 1 Beach's Modern Equity Practice, pp. 268, 269, § 231; 6 Ency. Pl. & Pr. p. 411. And Barton, in his Forms, gives the form of general demurrer in about the same terms as above set forth, and for a form of special demurrer gives as an example the allegation "that there is no privity between the said complainant and this defendant," etc. Barton's Suit in Equity, pp. 86, 87. Our statute allows no demurrer "but to matter of substance, which the party demurring specifies." Code 1896, § 3303. So the effect of our statute is to make all demurrers special, and, taking the authorities on the general subject and the wording of our own statute, it does not seem to be necessary to go into all the particulars and minutiæ which go to make up the objection, but merely, in the language of the general authorities, to "point out the particular defects or objections," or, in the language of our statute, to "specify" them. Our own courts have frequently held that a demurrer which merely states that "there is no equity in the bill" is general.—*McGuire v. Van Pelt,* 55 Ala. 344;

*Beebe v. Morris,* 56 Ala. 525. The same has been held
with regard to other words which are merely the equiv-
alent of that expression.—*M. & M. Ry. Co. v. Crenshaw,*
65 Ala. 566; *Williams v. Bowdin,* 68 Ala. 126. Where
the demurrer was merely to certain words in the com-
plaint (reciting them), it was held not a compliance
with our statute, because, although it did point out
the portion of the complaint demurred to, it did not
state the objection to it; and the court says: "It should
point out and specify the defect or defects on which the
party demurring asks the judgment of the court."—
*Burns v. Mayor, etc.,* 34 Ala. 485, 487. And in the case
of *McGuire v. Van Pelt, supra,* BRICKELL, C. J., stated
the trouble to be that "it does not point out in what re-
spect the bill wants equity."

On the other hand, a demurrer to a petition for re-
hearing, because "the petitioner had not complied with
the law governing such petitions, and that the court had
no jurisdiction or power to grant the prayer," was sus-
tained. *State, to Use, etc., v. Gardner,* 45 Ala. 46, 50.
It has been held sufficient to state "that the bill is mul-
tifarious, that complainants have an adequate remedy
at law," that certain parties should or should not have
been made parties, etc.—*Beebe v. Morris,* 56 Ala. 525.
Also "that the alleged accident, fraud, or mistake was
not shown to have occurred without the fault of plain-
tiff," as it points out with reasonable certainty the defect
on which the party demurring prays the judgment of the
court.—*Brock v. S. & N. Ala. R. R.,* 65 Ala. 79, 82. This
court has also declared that, if a bill contains no equity,
it would not be error for the chancellor to dismiss it,
even though there be no demurrer.—*Lesslie v. Richard-
son, et al.,* 60 Ala. 563-568. In a case in the Chancery
Court of New Jersey, based on their statute, which re-
quires "every demurrer   *   *   *   to state the particu-
lar grounds of the demurrer," the chancellor cites the
English decisions on a rule similar to our statute to the
effect that the object of the law was merely to meet
those cases where the grounds of demurrer were obscure
and could not be necessarily understood by the mere

general allegation, and that, even under that rule, "where the court finds, on looking at the complainant's bill, that his right to relief is doubtful or uncertain, or, in the words of Sir George Jessel, that his equity is not obvious at first sight, there a simple statement of want of equity will, under the rule, constitute a sufficient specification of the ground of demurrer."—*Essex Paper Co. v. Greacen,* 45 N. J. Eq. 504, 19 Atl. 466.

Without going to the extent of the English decisions as adopted by the New Jersey court, we hold that the sixth and seventh grounds of demurrer in this case sufficiently specify the matter of substance to which the demurrer was made. The bill is clearly filed to enforce the right of redemption, which is purely the creature of the statute, and the statute clearly states what classes of persons are authorized to redeem, so that the meaning of said demurrers is clearly that the complainant has not shown by the bill that the complainant occupies either of the relations mentioned in the statute. It would not have been any clearer or more specific if it had stated that the bill does not show that the complainant is either "the debtor, his vendee, junior mortgagee, or assignee of the equity of redemption from the purchaser or his vendee." Under this view of the case, the other grounds of demurrer were without merit.

The decree of the court is reversed, and the cause remanded.

HARALSON, DOWDELL, ANDERSON, and DENSON, JJ., concur.