# Farson, Son & Co. *v.* Bird, Treasurer.

### Mandamus.

(Decided July 6, 1916.  72 South. 550.)

1. **County; Claims; Special Fund; Mandamus.**—Mandamus will lie to compel a county treasurer to pay a special claim under a special fund, even in certain cases where an action would also lie against him for a failure to make such payment.

2. **Mandamus; Legal Remedy; Payment of Claims.**—Mandamus does not lie to compel a county treasurer to pay a certain class of claims, even though he has the funds in hand, and ought to pay, where the statutes have provided a summary and adequate remedy against the county treasurer, and his bondsmen.

3. **Same; Insufficient Funds.**—Mandamus to compel a county treasurer to pay county warrants will not issue unless he has funds on hand liable for their payment, and which he ought to pay thereon, although he may have wrongfully paid out on other demands funds which he should have applied exclusively to the claims of the party seeking the mandamus.

4. **Same.**—Mandamus will not lie to compel a county treasurer, as such, to pay out of his individual funds, or out of the general fund of the county, a claim against a special fund, and not the general fund.

5. **Same.**—Where the county governing board for the construction of a court house issued warrants maturing in annual installments, and agreed to levy annually for their payment, a special tax under subdivision A, § 215, Constitution 1901, and under statutes in aid thereof, and later, there was a change in the governing body which, instead of making the annual special levy, levied a special tax for the purpose of improving public roads, mandamus will not lie against the county treasurer to compel him to pay out of the county money which was collected for the road fund, although a levy could have been made to pay the warrant held by petitioner.

6. **Same; Petition; Conclusion.**—An allegation in a petition for mandamus that a county treasurer had breached his official duty in failing and refusing to pay petitioners, on their warrants, the funds which were collected for a different purpose, not alleging facts showing breach of duty, was a pure conclusion of the pleader.

[Farson, Son & Co. v. Bird, Treasurer.]

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Application for mandamus by Farson, Son & Company against J. S. Bird, County Treasurer, to compel him to pay certain warrants held by petitioner. Judgment for respondent and petitioner appeals. Affirmed.

G. W. L. SMITH, for appellant. HAYNES & WALLACE, SAXON & ACUFF, and RUSHTON, WILLIAMS & CRENSHAW, for appellee.

PER CURIAM.—This is an application for mandamus to compel the treasurer of Shelby county to pay certain county warrants held by petitioners, which warrants are past due.

(1) It is well-settled law that mandamus will lie to compel a treasurer to pay a special claim out of a special fund, and in some cases it will lie, though an action might be maintained against him for such failure.—*Sessions v. Boykin,* 78 Ala. 328; *Wyker v. Francis,* 120 Ala. 520, 24 South. 895.

(2) There is a class of claims, however, as to which it is held that mandamus will not lie against a county treasurer for failure to pay, even though he have the funds in hand and ought to pay, because our statutes have provided a summary and adequate remedy against the county treasurer and his bondsmen.—*Arrington v. Van Houton,* 44 Ala. 284; *Hines v. Salter,* 154 Ala. 248, 45 South. 587; *Norwood v. Goldsmith,* 162 Ala. 171, 50 South. 394; *Brown v. Gay-Padgett Co.,* 186 Ala. 561, 65 South. 333.

The rule announced in the above line of cases is here sought to be avoided, by making the application in the alternative; that is, if mandamus will not lie, that the application or petition be then considered a summary motion such as is provided for by the statute. It is alleged, however, that both the treasurer and his bondsmen are insolvent, and that therefore the summary motion would be not adequate, but abortive.

It is unnecessary now to decide whether the application for mandamus and the summary motion may be united, or whether the facts averred here are sufficient to warrant such joinder, if allowable, or whether the insolvency of the treasurer and of all his bondsmen would give the right to mandamus when such right would not otherwise exist, because the case can, and should, be disposed of on another ground, which goes, as this record shows, to the rights of the parties, whether the remedy be one or the other of the above mentioned.

(3, 4) Neither remedy is availing, under the facts as here alleged, unless the county treasurer as such has funds in his hands liable to the payment of the demand, and which he ought, as treasurer, to pay thereon. Mandamus will not lie unless he has funds actually in hand which he ought to apply as payment. He may have wrongfully paid out funds on other demands, which he should have kept and applied exclusively to petitioners' demand; yet this fact would not warrant mandamus unless he has funds actually in hand, and therefore can pay them on petitioners' demand. Mandamus would be useless if he did not have funds in hand with which to pay, and courts never do the useless thing of awarding a mandamus which could not be obeyed. Mandamus will not lie, to make him pay, out of his individual funds or out of public funds not liable to the particular claim or demand sought to be enforced by mandamus. A county treasurer, as such, cannot be compelled by mandamus to pay out of his individual funds or out of the general funds of the county, a claim against a special, and not the general, fund. He is liable for breaches of his official duty in the wrongful payment of the county funds, as on claims for which the particular fund was not liable; but the remedy against him is not and cannot be by mandamus.

(5) The real case made by the petition is that in the years 1905-1907, Shelby county, acting through its governing body, the commissioners' court, which body is clothed with limited legislative, judicial, and executive functions, decided to build and furnish an expensive county courthouse. To this end the commissioners entered into contracts, chiefly with B. C. Bynum Construction Company, and possibly with other companies in part. The work and materials were to be paid for in interest-bearing county warrants, maturing in annual installments, some of the payments being deferred for several years then to come. The commissioners then agreed to levy annually a special tax of one-fourth of 1 per cent., as authorized by subdivision "a" of section 215 of the Constitution, and by the statutes provided to make the constitutional provisions operative, and that the courthouse warrants so issued, together with the interest thereon, should be paid out of this special fund thus raised and to be raised. Subsequently, there was a change of the governing body of the county, from a court of county commissioners to a court or board of revenue, and a consequent change in the personnel of the officers;

and instead of carrying out the contract to make the special levy to pay the courthouse warrants theretofore issued and which were maturing, and would continue to mature for several years in the future, the new officers levied the special tax but for a different purpose—to aid to improve the public roads of the county. And the gist of the petition is, that unless mandamus issue, the proceeds of these last special levies will be applied to the payment of claims other than and subsequent to those of petitioners, to wit, these claims for the improvement of the public roads.

The allegation as to the breaches of contracts made by the county as to the courthouse warrants, and as to the breaches of duty by the officers growing out of such contracts and obligations, is as follows:

"That said board of revenue as now constituted has ignored or repudiated said road debt and declines to levy any tax to pay for the courthouse debt, and has levied in the year 1915 all of said tax of one-fourth of 1 per centum (¼ of 1%) to pay for the expenses usual and ordinary and incidental to the construction and upkeep of county bridges generally throughout the county and for future bridge debts anticipated at the time the levy was made, which levy is shown in Exhibit D hereto annexed and made a part of this petition. That on account of the orders of the board and the levy of said tax therein made and set out in Exhibit D said J. S. Bird, county treasurer, has refused and still refuses to pay the warrants of your petitioner, or any of the said courthouse warrants registered aforesaid and maturing February 1, 1916, but said treasurer has paid on said county road warrants contracted for by A. T. Newell & Bros. since 1911, and registered since 1911, and held by said assignee of said warrants, the sum of $7,050 on January 20, 1916. Your petitioners fear that all of said $12,000 will be paid out by said treasurer to other persons not entitled to the same unless the writ prayed for herein is granted. That in the opinion and according to the advice given your petitioners, said $7,000 was wrongfully paid out by said treasurer. That said Bird as said treasurer has failed to apply the money and proceeds derived from taxation (from the levy of said county tax of one-fourth of 1 per centum (¼ of 1%) during the year 1915, to petitioners' warrants amounting to $1,565, due February 1, 1916, after demand made upon him after February 1, 1916, to apply said money and pay said proceeds over to your petitioners."

For the purpose of this decision, let us concede that the original contract made by the commissioners and ratified by the county was a valid and binding contract, and that the warrants issued were valid and properly issued as claims against the county, and that the commissioners, acting for the county, had the power and right to agree to levy the special tax for the special purpose, for the several years in the future, and that the petitioners are the bona fide holders of the warrants described, which are due and payable, and that the county has breached their duty as alleged, then, can these breaches be remedied and redressed by a mandamus to compel the county treasurer to pay out of the county treasury money which was collected on and from special levies actually made for other purposes, but which ought to have been made for the purpose of paying off the warrants held by petitioners, if it would be subject to the payment of these warrants?

(6) We are clear of the opinion that the wrongs complained of cannot be redressed in this mode in a proceeding, like this, against the county treasurer. The allegation of the petition, that the county treasurer has breached his official duty in failing and refusing to pay to petitioners, on their warrants, funds which were collected from special levies in fact made for other and different purposes, but which ought to have been made for the purpose of paying petitioners' warrants, is a pure conclusion of the pleader, and not supported by any facts alleged.

The constitutional provision (subdivision "a" of section 215), without which no such levy could be made, expressly provides that the funds so collected "shall be applied exclusively to the purposes for which the same were so levied and collected." Not to the purposes for which they ought to have been levied and collected, but exclusively to the purposes for which they were in fact levied and collected. To redress the wrongful levy and collection, by requiring the county treasurer to pay out the funds for a different purpose from that for which the levy and collection were actually made, would be to defeat the declared purpose of the Constitution. The county treasurer certainly would not have the power or right to thus revise the actions of the board of revenue and of the tax collector, and surely no court will compel him by mandamus to do that which he has neither the power nor the right to do. It therefore clearly appears that no relief of any kind can be had against the county treasurer, under the facts as alleged in this petition as originally filed, or as subsequently filed, whether sought by mandamus or summary action.

[Central of Georgia Ry. Co. v. State, ex rel. Attorney General.]

If the facts alleged in this petition are true, they ought to have relief, and the county ought to be required to carry out its contract, or to answer in damages for the breach thereof, if the contract was valid and binding; but the relief must be had by different proceedings and against different officers, or the county itself, and not against the county treasurer. Mandamus may be petitioners' remedy, but under the facts alleged it must be against different officers than the county treasurer. See *Tarver v. Commissioners, etc.*, 17 Ala. 527; *Eufaula v. Hickman*, 57 Ala. 340; *Graham v. Tuscumbia*, 146 Ala. 449, 42 South. 400; *Commissioners v. Rather*, 48 Ala. 433, 443.

Without at all committing ourselves to the rights of appellants against the county of Shelby, or against the county's officers, in other and different proceedings, we are convinced that no proper or appropriate relief can be had in this proceeding, if the facts alleged in the petition are true, and we must of course so treat them on demurrer.

It follows that there was no error in the proceedings in the trial court of which these appellants can complain. The judgment is therefore affirmed, but affirmed without prejudice to other proceedings.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.