(85 South. 557)
**STATE ex rel. WALDROP, Clerk, v. HOGAN, Coroner. (6 Div. 90.)**

(Supreme Court of Alabama. June 3, 1920.)

1. Mandamus ⚖154(1) — Petition construed most strongly against pleader on demurrer.

A petition in a mandamus proceeding must be construed most strongly against a pleader on demurrer.

2. Coroners ⚖10—No inquest by jury necessary, where slayer is publicly known.

Where it was publicly known that deceased person came to his death unlawfully at the hands of a certain person, who was then in custody, no necessity existed in law for the summoning of a jury to hold an inquest, under Code 1907, § 7162.

3. Coroners ⚖17—Need not file statements of witnesses, where it was publicly known who killed deceased.

A coroner is under no duty to file statements of witnesses taken on a preliminary investigation by him, where it was publicly known that deceased came to his death unlawfully at the hands of a certain person, who was then in custody; Code 1907, § 7169, when considered in light of sections 7162 and 7168, having reference only to an inquisition before a jury summoned in obedience to a direction of the judge or solicitor, as provided in section 7162.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Petition by the State of Alabama, on the relation of Wm. J. Waldrop, as Clerk of the Circuit Court of Jefferson County, for mandamus compelling George A. Hogan, as Coroner of Jefferson County, to make return to his office of the proceedings had by him in a certain investigation. From a decree denying the petition, petitioner appeals. Affirmed.

Ellis & Matthews, of Birmingham, for appellant.

Counsel quote the provisions of sections 6649, and 6648, 7162, 7169, Code 1907, and insist that it is the coroner's duty under sec-

tion 7169 to file with the clerk the proceedings had in the inquest into the death of Granger, but they cite no authority in the support thereof.

Joseph R. Tate, of Birmingham, for appellee.

Counsel insist that there was no inquest held under the allegations of the petition, and that therefore the sections disputed are without application.

BROWN, J. [1] It appears from the averments of the petition as amended, when construed most strongly against the pleader, as must be done on demurrer, that the respondent, Hogan, as coroner of Jefferson county, made preliminary investigations into the circumstances under which one W. F. Granger came to his death, and at the time of such investigation it was generally known who caused the death of said Granger, and "one Henry Walker had been arrested and was then confined in the county jail for unlawfully killing said Granger"; that in making such investigation or "inquest," as it is termed in the petition, said coroner summoned and examined a number of witnesses, whose testimony was reduced to writing, and a finding was made by the coroner that Granger came to his death by unlawful means at the hands of said Walker; that due demand was made by the petitioner, as clerk of the circuit court, on said coroner, that such testimony and finding be filed with petitioner as clerk of such court; and that the coroner has failed and refused to file the same.

On these facts the appellant prays for the issuance of the writ of mandamus to compel the coroner to file in the office of the clerk of the circuit court the written testimony so taken, together with the finding of the coroner thereon, and he rests his claim to this relief on the provisions of section 7169 of the Code of 1907.

[2] There is no contention here that an inquest was directed or held before a jury, under the provisions of section 7162 of the Code, and in the face of the averment that it was publicly known that said Granger came to his death unlawfully at the hands of Walker, who was then in custody, no necessity existed in law for the summoning of a jury to hold such inquest.

[3] When section 7169 of the Code is considered in the light of the preceding sections of the same chapter, and especially sections 7162 and 7168, it admits of no doubt that the language, "the inquisition thus taken must be returned by the coroner forthwith, * * * to the clerk of the circuit or city court of the county," has reference to an inquisition before a jury summoned in obedience to the direction of the judge or solici-

tor as provided in section 7162, and in the absence of such inquisition the coroner is under no duty to file the statements of witnesses taken on a preliminary investigation by him.

The ruling of the circuit court is in accordance with these views, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

───────────

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes