LEWIS et al. v. JENKINS.    (6 Div. 813.)

Supreme Court of Alabama.    March 24, 1927.

Rehearing Denied April 21, 1927.

1. Mandamus ⬥163—Petition in mandamus may be tested by demurrer (Code 1923, § 8978).

In mandamus proceeding, sufficiency of petition, which is first pleading in case, under Code 1923, § 8978, may be tested by demurrer.

2. Mandamus ⬥154(4)—Petition in mandamus to compel official action must aver facts clearly showing defendant's legal authority to act.

In mandamus proceeding to compel official action, defendant's legal authority to act is conclusion of law that must arise from facts averred in petition, and, if such authority is not clearly shown, petition is demurrable.

3. Municipal corporations ⬥620—City's power to regulate erection of buildings and issuance of permits must be exercised by ordinance (Acts 1915, pp. 294–307; Code 1923, §§ 1739, 1740, 1908, 1992, 2012).

Power of cities and towns, not falling within Acts 1915, pp. 294–307, to regulate erec-

tion of buildings on private property and promulgate rules regulating issuance of building permits, is referable to General Municipal Code (Code 1923, §§ 1739, 1740, 1992, 2012), and must be exercised, if at all, by adoption of ordinance prescribing regulations and conditions on which permits may be obtained, in view of section 1908, since section 2012 is not self-executing.

**4. Mandamus ⬅154(4)—Petition for mandamus to compel issuance of building permit, not showing ordinance regulating its issuance, except by averment that petitioner recognized city's right to require permit, held demurrable.**

Petition for mandamus to compel issuance of building permit, not showing ordinance prescribing regulations and conditions on which permit may be obtained, except by averment that petitioner recognized city's right to require procuring of permit, *held* demurrable, since such allegation was mere conclusion of pleader.

On Rehearing.

**5. Appeal and error ⬅791—Submission on merits waived irregularity in taking appeal, and waiver cannot be withdrawn without appellants' consent.**

Irregularity in taking appeal *held* waived by submission on merits without submission on motion to dismiss appeal, and such waiver cannot be withdrawn without consent of appellants.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition of J. A. Jenkins for mandamus to O. W. Lewis and others. From a judgment for petitioner, respondents appeal. Reversed and remanded.

Goodwyn & Ross, of Bessemer, for appellants.

The petition for mandamus should allege the ordinances or law of the city of Bessemer requiring the building inspector to issue such permits, and the mere allegation that it was the duty of such building inspector under the laws and ordinances of the city to issue permits is not sufficient. Farson Son & Co. v. Bird, 197 Ala. 384, 72 So. 550.

Estes & Smithson, of Bessemer, for appellee.

The petition recognizes the right of the city to require permits. It is sufficient.

BROWN, J. This is a mandamus proceeding instituted in the circuit court by the appellee to compel the issuance of a building permit to the petitioner, authorizing the construction of a building on his private property located within the corporate limits of the city of Bessemer. The defendants, who are the appellants here, are "the aldermen, and constitute the city council of the city of Bessemer," and C. L. Egger, who is described in the petition as "of the fire department,

* * * he being the person designated by the city council of the city of Bessemer to grant permits for the erection of buildings," and the petition avers that the "petitioner recognizes the right of the city to require the procuring of a permit for the errection of houses within the corporate limits."

Aside from the quoted averments the petitioner in no way pleads the legal authority of the defendants to issue the permit, and the demurrer to the petition questions its sufficiency on the ground, among others, that these averments are the mere conclusions of the pleader.

[1] Whatever may have been the rule of pleading under the common law in mandamus proceedings, our statute (Code of 1923, § 8978), requires an application for mandamus to be made by petition, and treats the petition as the first pleading in the case. As such its sufficiency may be tested by demurrer. State Tax Commission v. T. C. I. R. Co., 206 Ala. 355, 89 So. 179.

[2] In such cases, where the purpose of the proceeding is to compel official action, the legal authority of the defendant to act is essential to the petitioner's "clear specific legal right" to have the act performed, and this is a conclusion of law that must arise from the facts averred in the petition. If the authority of the defendant or defendants to do the act is not clearly shown, or is left in doubt by the averments, an appropriate demurrer thereto should be sustained. 38 C. J. 869, § 569; Ex parte Huckabee, 71 Ala. 427; Armstrong v. O'Neal, 176 Ala. 611, 58 So. 268; Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559; 9 Michie's Digest, 777, § 8.

[3] The power of cities and towns, not falling within the provisions of the act approved August 20, 1915 (Acts of 1915, pp. 294–307), to regulate the erection of buildings on private property situated within their corporate jurisdiction, and promulgate reasonable rules regulating the issuance of building permits, is referable to the General Municipal Code, prescribing a uniform system for all municipal corporations, within the state, and supplanting charter provisions contained in special acts theretofore existing. Code of 1923, §§ 1739, 1740, 1992, 2012; City of Birmingham v. Brown, 13 Ala. App. 655, 69 So. 263.

This power must be exercised, if at all, by the adoption, by the governing authority of the municipality, of an ordinance, or ordinances, not inconsistent with the statutes granting this power, prescribing reasonable regulations and the conditions upon which such permits may be obtained, and conferring upon the governing body, or some officer of the municipality, the authority to grant such permits, upon compliance, by the applicant, with the regulations prescribed

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

therefor. Code of 1923, §§ 1908, 1992; Fellows v. City of Charleston, 62 W. Va. 665, 59 S. E. 623, 13 L. R. A. 737, and note, pp. 737, 738, 125 Am. St. Rep. 990, 13 Ann. Cas. 1185; 19 R. C. L. 829, § 134.

[4] The ordinance of the city of Bessemer, if such there be, prescribing the rules and regulations for the issuance of building permits to property owners, and conferring authority on some person or body to grant such permits, is not shown, except by the averments heretofore quoted, and these are the mere conclusions of the pleader.

We are, therefore, of opinion that the circuit court erred in overruling the demurrer, and for this error the judgment of that court should be reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

BROWN, J. [5] The contention of appellee that section 2012 of the Code is self-executing without the adoption of an ordinance prescribing reasonable building regulations cannot be sustained. If the submission was set aside so as to allow the appellee to submit his motion to dismiss the appeal, leave would be granted to appellants to amend their appeal, and this would merely delay a final disposition of the case without changing the result. Thornton, Adm'r, v. Moore, 61 Ala. 347. Moreover, the irregularity in taking the appeal was waived by the submission on the merits, without a submission on the motion, and this waiver cannot be withdrawn without the consent of the appellants. Robinson v. Murphy, 69 Ala. 543.

Application overruled.