25 So.2d 433

**STATE ex rel. DENSON v. HOWZE, Judge of Probate.**

**6 Div. 366.**

Supreme Court of Alabama.

Nov. 8, 1945.

Rehearing Denied March 28, 1946.

W. A. Denson, pro se.

Benners, Burr, Stokely & McKamy, Borden Burr, and Frontis H. Moore, all of Birmingham, for appellee.

SIMPSON, Justice.

Petition for mandamus originally before Hon. Richard V. Evans, Judge of the Circuit Court of Jefferson County, to compel Hon. Henry R. Howze, as Judge of the Probate Court of said County, to allow relator, W. A. Denson, to intervene as a party to certain eminent domain proceedings pending in said Probate Court.

The case is here on appeal from the judgment of said Circuit Court sustaining respondent Judge's demurrers to the petition and his motion to strike certain amendments to the petition subsequently filed.

The sufficiency of the petition may be tested by appropriate demurrer and when so it is construed most strongly against the pleader, all doubts to be resolved against him. Lewis v. Jenkins, 215 Ala. 680, 112 So. 205; Daffin v. Scotch Lumber Co., 226 Ala. 33, 145 So. 452; State v. Hogan, 204 Ala. 325, 85 So. 557.

The writ will be denied when the petition does not aver sufficient facts to clearly establish the legal right to coerce the particular official action sought, State v. State ex rel. Hotel Tutwiler Operating Co., 230 Ala. 657, 162 So. 365; City of Decatur v. Mohns, 235 Ala. 640, 180 So. 297, so, when the demurrer ·raises the point, it is properly sustained.

Such petition must establish by clear averments the facts of delinquent official conduct from which arises as a conclusion of law the defendant's legal au-

thority and duty in the premises. Lewis v. Jenkins, supra.

Mere conclusions of the pleader, as distinguished from clearly averred facts, will not suffice and are disregarded in testing the sufficiency of the petition. Hodges v. Board of Education, 245 Ala. 64, 16 So. 2d 97; Farson, Son & Co. v. Bird, 197 Ala. 384, 72 So. 550.

Relator seeks to enforce his intervention in the proceedings pending before the Probate Court to condemn certain lots for public use and according to his mandamus petition his right to intervene is predicated upon the contention that he has an interest in the property, though the record title, it would seem, is in his son.

It will be noted that § 3, Title 19, Code 1940, requires that a petition for condemnation state the names and residence of the owners of the tract sought to be condemned and "any other parties claiming or holding any right, title, or interest therein, if known;" and § 4 commands the court to issue a notice to all such parties including those "as claim or hold any right, title, or interest therein."

In discussing the statute we have said that the proper course for a petitioner to pursue in such a proceeding is to make a party thereto "anyone shown by the record to have any interest in the land, or of whom he has notice of a claim of interest therein." Alabama Power Company v. Herzfeld, 216 Ala. 671, 673, 114 So. 49, 51.

But the bare statement of a stranger to the record title of a claim of interest, unsupported by a proper pleading and prima facie showing of such claim will not suffice. It is our view, and we so hold, that to effectuate his intervention in the cause the claimant must so plead, and make a bona fide, prima facie showing of an interest in the property involved.

What facts, as contra-distinguished from mere conclusions, are averred in the instant petition for mandamus which the Circuit Court ruled as insufficient? Construing them as liberally as we are permitted to under the stated rules, they are: Relator appeared in the Probate Court on the day set for the hearing of the application to condemn and presented to the Judge thereof his request for permission to intervene under a claim of interest in the property by reason of having been the mortgagor in certain mortgages on the property then in force and effect; that he had, subsequent to the execution of the mortgages, conveyed the lots to his son, but that the notes which the mortgages secured were still due and unpaid, thereby rendering him personally liable thereon and that his interest in the property was to see that in the condemnation proceedings the compensation paid for the taking would at least exceed the amount of his personal debt due under the mortgages. Upon request of the Court he thereupon placed his claim in writing. The petition then recites that the mortgages, notes, deed from relator to his son and a certain contract between his son and himself were all introduced in evidence in support of this claim. Neither his written claim nor any of the other documents mentioned above were exhibited with his mandamus petition nor were they submitted to the Circuit Court for consideration. The petition then concludes that the Probate Court refused to permit him to intervene in the proceedings, hence the prayer for writ of mandamus to enforce his contended right.

It is quite apparent that these facts, appearing by the allegations of the petition, do not suffice to show relator's clear legal right to the award of the writ nor should we reverse the trial court in ruling them as insufficient against the demurrer interposed. There may be circumstances in which he, as the mortgagor, might have some equitable interest in the property, Tennessee Valley Bank v. Sewell, 214 Ala. 362, 107 So. 834; Hawkins v. Holman, 239 Ala. 541, 195 So. 880; Thomas v. St. Paul's M. E. Church, 86 Ala. 138, 5 So. 508, entitling him to intervene, while under other circumstances he would not. Just what his status is was not shown to the Circuit Court. It may be that the notes, mortgages and contracts submitted to Judge Howze as supporting his claim of intervention, and which he refrained from submitting to Judge Evans, would show conclusively that he had no claim or interest and, therefore, no right to intervene. So resolving all doubts against him, as the rule requires, the Circuit Court will not be placed in error for sustaining the demurrers to the petition and denying the writ.

While a demurrer operates as an admission for purposes of demurrer of all well-pleaded allegations of facts in the pleading demurred to, conclusions of law are not admitted. 38 C.J. 902, 903 § 633. The allegation, therefore, in the petition for mandamus that the documents which

relator submitted to the (Probate) Court showed "by undisputed and indisputable written record evidence the interest of relator in said condemnation proceeding and his contract with the transferee of each of said pieces of property is undisputed and indisputable written record evidence of relator's interest in said parcels 17 and 19, so numbered and described in applicant's petition," is but the bare conclusion of the pleader. This defect was specifically challenged by grounds 7 and 13 of the demurrer (and others too) which pointed it out as the statute requires (Wallace v. Markstein, 147 Ala. 262, 40 So. 201) and rendered the allegation impotent as a basis for the issuance of the writ. Hodges v. Board of Education, supra.

Likewise, the amendments to the original mandamus petition were ineffective because they did not purport to aver a showing before the Probate Court of an interest in the property, but to the contrary, asserted an ownership of interest as an independent fact before the Circuit Court. Hence, other contended defects not considered, they were obviously deficient in this respect and not germane to the original petition because in determining the right to the writ the Court considers the status existing not in the court to which the petition is addressed but in the inferior court sought to be coerced as of the time of the filing of the petition. Ex parte City of Florala, 216 Ala. 353, 113 So. 312.

The motion to strike these amendments was therefore properly sustained.

The writer thinks all rulings of the trial court were correct, but the majority thinks otherwise as to one proposition, as hereafter expressed in the opinion of Mr. Justice FOSTER.

The point of divergence taken by the majority view, however, is in my opinion not sustained by the record, and on this point I respectfully dissent.

Mr. Justice BROWN concurs in these views.

FOSTER, Justice.

The particular matter in the opinion of Justice SIMPSON with which we do not agree is the assumption that the demurrer to the petition for mandamus sufficiently specifies the objections to the petition which are well taken.

We agree with him that the petition is defective, but the particular matter in which it is defective is in the failure to allege the substance of the claim presented in the probate court, and the substance of the documents referred to in the petition, and in alleging the conclusion of the pleader that they give "undisputed and indisputable written record evidence" of his interest in the property. But the question which confronts us is whether or not there are sufficient grounds set forth in the demurrer to raise that particular defect in the petition. In that connection we are confronted with the requirements of section 236, Title 7, Code of 1940, to the effect that no demurrer in pleading can be allowed except in matters of substance, which the party demurring must specify and no objection can be taken or allowed which is not distinctly stated in the demurrer. This statute does away with a general demurrer at law. Alabama Power Co. v. Curry, 228 Ala. 444, 445, 153 So. 634; United States Health & Accident Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117; Sanders v. Gernert Bros. Lumber Co., 221 Ala. 469, 129 So. 46.

We do not find any ground of demurrer to the petition either as a whole or specifically to the matters set forth in paragraphs 14 and 15, which point out the defect to which we have referred above. We therefore see no escape from the proposition that there is error in sustaining the demurrer to the petition as originally filed. On the authority of the cases cited above, we think grounds 7 and 13 of the demurrer do not comply with section 236, Title 7, supra.

There were several amendments to which demurrer was also sustained, but the matter in those amendments, which may be sufficient to show petitioner's claim, are not alleged to have been in the documents setting up his claim in the probate court. The demurrer therefore to such amendments containing such a specific ground were properly sustained.

We think that there was reversible error in sustaining the demurrer to the original petition because there was no ground of demurrer which was specifically directed to the defect which we think exists in said petition. It is therefore necessary to reverse the judgment of the circuit court and remand the cause for further proceedings.

Reversed and remanded.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.

BROWN and SIMPSON, JJ., dissent.

### On Rehearing.

FOSTER, Justice.

We are not here concerned with the question of whether the circuit judge should have issued the rule nisi. It is quite true that when a petition is presented for the issuance of a temporary writ or a rule nisi, the presumptions are taken against petitioner, and the temporary writ or rule nisi should not issue unless he shows a right without the aid of favorable presumptions. Dean v. Coosa County, 232 Ala. 177, 167 So. 566; 38 Corpus Juris, § 581, p. 866.

But when the rule nisi has issued, any defendant may demur to the petition, plead or answer it as to all such matters as may be necessary to his defense. Section 1072, Title 7, Code. Although in other jurisdictions the rule is said to be different (38 Corpus Juris § 629, p. 899), the statute supra provides for testing the sufficiency of the petition by demurrer after the rule nisi has issued. Lewis v. Jenkins, 215 Ala. 680, 112 So. 205. And if any part of same is too general or indefinite, it may and should be tested by a demurrer on that ground. State Tax Comm. v. Tennessee Coal Iron & R. Co., 206 Ala. 355, 89 So. 179. And on such demurrer, the averments of the petition are taken as true. McCrary v. Brunson, 204 Ala. 85, 85 So. 396.

It is true that the petition should aver sufficient facts to establish the legal right, and that by clear averments, and mere legal conclusions are not sufficient. And when a petition is presented for mandamus, based upon legal conclusions without a statement of the facts from which the conclusion is drawn, or based upon the pleader's interpretation of what an instrument of title or other document shows without setting out the substance of it or its legal effect, the court to which it is so presented may well refuse to issue a rule nisi. But when it is issued the sufficiency of it may be tested by demurrer, and that is the only manner in which it may be done, if its allegations show a right though not properly stated. If that right appears by improper averment, the only manner in our practice to test that sort of pleading is by a demurrer on that ground.

The petition here alleges in substance that certain documents and instruments which were before the probate judge demonstrated the existence of a substantial claim by this petitioner. If that is true, then his petition shows a right, but by improper averment. Unless objection is properly made, pointing out that impropriety, it is waived. The demurrer must be directed in some ground to the improper manner of pleading. Williams v. Lyon, 181 Ala. 531, 61 So. 299. If not so, such imperfect manner of pleading should not be further considered by the court, once the rule nisi has issued, and it shows a legal right, though not clearly pleaded.

The question before us is the ruling of the court on the demurrer which was filed, not on a demurrer which could have been but was not filed, and whether the petition shows a cause of action even though defectively pleaded. We are not otherwise considering the sufficiency of the petition. It may be that if the petition did not show such a right as authorized mandamus, its dismissal was without injury. Chilton County v. State, 146 Ala. 439, 41 So. 463; State v. Cunningham, 216 Ala. 423, 113 So. 309. A demurrer was not necessary to justify a dismissal, when it does not state a cause of action. Lesslie v. Richardson, 60 Ala. 563.

The petition does allege the existence of that right and that the same was presented to the probate court. It was not well pleaded, but it was pleaded. A demurrer, specially directed, must be used to test the sufficiency of the manner of pleading, if it states a cause of action. Williams v. Lyon, supra.

In the case of Farson v. Bird, 197 Ala. 384, 72 So. 550, relied on by appellee, the petition was for a mandamus against the county treasurer commanding him to pay county warrants or, in the alternative, for a summary judgment. The opinion in the last paragraph shows that a demurrer was interposed. It is said that the petition merely alleges the conclusion of the pleader that the officer had breached his official duty in failing or refusing to pay the warrants not supported by any facts alleged. The Court held that mandamus may be the proper remedy, but against different officers, not the county treasurer. The question of the sufficiency of the petition was raised on demurrer. Of course the expression of a legal conclusion as to the duty of the county treasurer taken alone is not good pleading, and the demurrer ought to be,

570

and it was sustained, and as to him there was no cause of action, as held in that case.

When the complaint fails to state a cause of action, it will not support a judgment. Chandler v. Price, 244 Ala. 667, 15 So.2d 462; section 570, Title 7, Code. The question may be raised in various ways. Chandler v. Price, supra.

It is clear that neither ground 7 nor 13 or any other presents the insufficiency of the petition in the manner of pleading the substance of the contents of the instruments and documents set out in paragraphs 14 and 15.

The demurrer is as in Brewer v. Watson, 65 Ala. 88(5), 98. The ground held insufficient in that case is that "the complaint does not contain or set forth any facts which show that the plaintiff has a right to recover the damages claimed." This was held not to be the specification of any cause of demurrer.

Whether a ground of demurrer so framed is sufficient depends upon the nature of the case and of the right sought in the complaint. This is illustrated in Wallace v. Markstein, 147 Ala. 262, 40 So. 201, cited by appellee in brief. (This was in equity, but at a time when a general demurrer was not available. A different rule now exists. Equity Rule 14, Code 1940, Tit. 7 Appendix. There the question was whether the complainant was one of the persons authorized to exercise the right of redemption conferred by statute, which states what classes of persons may exercise it. It held that the meaning of such a ground of demurrer is that "the complainant has not shown by the bill that complainant occupies either of the relations mentioned in the statute." That means to say, it was observed, that it does not allege or show that he was either "the debtor, his vendee," or etc. (It therefore did not state a "cause of action," and the demurrer should have been sustained.) The question was not as to its sufficiency in stating the cause of action, but in not stating one at all. See, Lesslie v. Richardson, supra.

The difficulty with the brief on application for rehearing and with the dissenting opinion is in the failure to realize that the petition may state a "cause of action," so to speak (that is, that he has a substantial claim in the property sought to be condemned), but may do so defectively, and that when so the only way to reach that defect is by a special demurrer pointing it out. The petition does set up the existence of documents which were before the probate court and which it alleges show an interest of petitioner in the property sufficient to justify his right to intervene. But he should have set up at least the substance of those documents or their legal effect. Roney v. Dothan Produce Co., 217 Ala. 475, 117 So. 36; Adams v. Davis, 16 Ala. 748; Moundville Lumber Co. v. Warren, 203 Ala. 488, 83 So. 479.

It should always be carefully noted in analyzing an opinion on the subject whether the court is considering a defect in pleading on an apt demurrer, or whether it is considering with or without demurrer the sufficiency of the petition or complaint to state a cause which will support a judgment.

In this case both questions are involved. We are considering whether there is an apt demurrer to a defect in pleading, and since the court dismissed the petition whether it states a cause of action, though defectively, but such as will be sufficient to support a judgment. The demurrer to the petition did not reach the defect, and the petition does state a cause of action which will support a judgment of intervention, though it may not be well pleaded.

GARDNER, C. J., and LIVINGSTON, J., concur.

BOULDIN, Supernumerary Judge.

Condemnation proceedings under the law of eminent domain are wholly statutory. Prior to the Code of 1923 our statute touching parties respondent, so far as here pertinent, merely provided:

The application * * * must state the name and residence of the owner, if known." Sec. 1713, Code of 1896; sec. 3861, Code of 1907.

"The court, * * * if the owner of the land resides in the state, must issue to him notice of the application." Sec. 1714, Code of 1896; sec. 3862, Code of 1907.

The inadequacy of such provision had appeared in such cases as New & Old Decatur B. & T. R. Co. v. Karcher, 112 Ala. 676, 21 So. 825.

In the Code of 1923, Secs. 7478 and 7479 (now Secs. 3 and 4, Title 19, Code 1940), these statutes were amended to read:

"The application must * * * state the names and residences of the owners of each tract and any other parties claiming or holding any right, title, or interest therein, if known."

"The court * * * must issue to all the owners of such lands and to such other parties as claim or hold any right, title, or interest therein, as reside in this state, notice of the application."

Note that "claims or holds" is in the alternative. "Claims any right, title, or interest" or "holds any right, title, or interest." One who "claims any right, title, or interest" is to be brought in whether he actually "holds any right, title, or interest" or not. Why?

The reason is found in the prompt and orderly conduct of the proceedings in accord with the entire statutory scheme. The objective is to acquire the title or an easement in the property of others for public use on payment of just compensation. The chief concern of the condemnor is to bring in all parties to assure the acquirement of such easement and his prompt right of entry. Claimants not brought in are not bound by the proceedings, and the condemnor has the hazard of a multiplicity of suits to perfect his estate. Alabama Power Co. v. Herzfeld, 216 Ala. 671, 114 So. 49.

The nature and validity of any claim is an issue between the parties respondent. There is no issue between condemnor and respondent as to the interest of respondents. This issue, by express statute, does not arise until the right of the condemnor to take the land and the just compensation therefor have been adjudicated and the compensation paid into court. Even then, the probate court having no jurisdiction to try titles to land, it may become necessary to transfer these issues to a court of competent jurisdiction, all of which is prescribed by statute. Secs. 26 and 27, Title 19, Code of 1940. Meantime, the condemnor has perfected his right of entry and may go on with his improvements.

It follows that the probate court, upon appearance of a claimant seeking to be made a party on the initial hearing, is without jurisdiction to inquire into and pass upon the nature and validity of the claimant's right, title, or interest in the property. His conclusion on such ex parte proceeding can bind no other respondent.

In some jurisdictions it appears the conflicting claims of respondents are to be litigated before condemnation, but not so under statutes like ours. 20 C.J. § 336, pp. 919, 920; Ib. § 296, p. 864; 29 C.J.S., Eminent Domain, §§ 236, 205.

When petitioner, appellant here, appeared in open court on the initial hearing, made known that he was a claimant of an interest in the items of property involved, it became the duty of the court to enter his appearance and make him a party. He would thus become a party to ligitate the validity of his claim at the time and place designated by statute. This, in my opinion, is the clear mandate of the statute. His appearance as a party added no new issues as between condemnor and respondents.

The question is important. It seems not to have been considered in former cases in this Court.

The above construction avoids tying up the condemnation proceedings to litigate ancillary questions, as illustrated in the instant case. It is not a question of intervention in the ordinary sense, but of statutory duty of the court when one makes himself known as a claimant to some interest in the property.

Mandamus is the proper remedy to review interlocutory rulings in the absence of remedy by appeal. It becomes merely a question of error vel non; aims to define the course the court should have pursued and command its performance.

In my opinion, the petition for mandamus was not subject to demurrer regardless of the aptness of the demurrers assigned.

On this ground, I concur in the reversal of the judgment below and remandment of the cause.

PER CURIAM.

This cause, following submission on brief and oral argument, was assigned to Mr. Justice SIMPSON for the preparation of an opinion. Upon original consideration, the majority of the Court, consisting of GARDNER, C. J., THOMAS, FOSTER, and LIVINGSTON, JJ., not differing with the opinion of Justice SIMPSON as to the general rules of law therein announced, did differ, however, as to whether or not the demurrer was sufficiently specific to point out the defect of the petition treated in the opinion of Justice SIMPSON. The views of the majority were expressed in the opinion on this point by Mr. Justice FOSTER, which immediately follows the opinion of Justice SIMPSON set out above with the concurrences therein disclosed.

Mr. Justice BROWN concurred in the opinion of Justice SIMPSON, as likewise appears in the concurrences noted. Justice LAWSON, being a member of the Board of Trustees of the University of Alabama,

572

was disqualified, and of consequence did not participate in the consideration of the cause. The ruling of the majority, therefore, resulted in the reversal of the judgment of the court below.

Subsequent to the announcement of the decision, and prior to a consideration of the cause on application for rehearing, the death of Justice THOMAS occurred, and he was succeeded upon the Court by Justice STAKELY. Upon the cause coming on for reconsideration Justice STAKELY concurred in the views of Justice SIMPSON. The result was that the Court was equally divided, and the necessity arising therefor, the CHIEF JUSTICE, pursuant to Sec. 32, Title 13, Code 1940, requested Honorable VIRGIL BOULDIN, Supernumerary Judge of the State of Alabama, to participate in a consideration of the cause. Thereupon, Judge BOULDIN found himself unable to agree with either of the opinions heretofore announced by the Court, and entered a separate opinion expressive of his own views, the result of which was a concurrence in the conclusion reached in the opinion of Justice FOSTER that the judgment should be reversed and the cause remanded.

On rehearing Justice FOSTER extended his original opinion, concurred in by GARDNER, C. J., and LIVINGSTON, J., as shown. The opinion of the Supernumerary Judge, expressive of his views and resulting in a concurrence with the conclusion Mr. Justice FOSTER reached, immediately follows. Justices BROWN, SIMPSON, and STAKELY adhere to their views, as expressed by Justice SIMPSON.

It results, therefore, that the judgment of reversal stands and the application for rehearing must be overruled.

Application overruled.