# Somerville *v.* Wood.

### *Application for Mandamus.*

1. *Municipal corporation; distribution of school funds; power of city treasurer.*—Where, in an act enlarging and amending the charter of a municipality, which has been made a separate school district, it is provided that all funds devoted to public school purposes in said city, whether derived from State, county or city, shall be paid into the city treasury, and be disbursed in such manner as the board of education may direct, there is vested in the treasurer of said city no discretion for the disbursement of the school funds received as such by him, and when warrants are allowed and drawn by the board of education and there is no question of fraud or irregularity in the issue of them, it is the duty of the treasurer to pay such warrants, and he is without authority to pass judgment upon the power of the board of education to issue them.

2. *Same; same; mandamus; case at bar.*—Under the act approved February 21, 1893, to enlarge and amend the charter of the town of Woodlawn, which had been made a separate school district, (Acts 1892-93, p. 922), which in section 9 provides that all funds devoted to public school purposes in the said town should be paid into the treasury thereof and disbursed in such manner as the board of education may direct, upon the drawing of a warrant by the board of education upon the treasurer, in payment of the salary of the superintendent of public schools of said town, the treasurer can not pass judgment upon the power or authority of the board of education to draw such warrant, and has no discretion in the payment thereof, but such warrant must be paid from any school funds held by him not otherwise specially appropriated, although it may be in payment for services rendered during a preceding scholastic year; and upon his refusal to

[Somerville v. Wood.]

pay such warrant on presentation, there is a breach of a ministerial duty on his part, and he can be compelled to perform this duty by *mandamus*.

3. *Same; same; warrant upon treasurer unrevoked for good cause, binding.*—Where in such case, warrants upon the town treasurer are drawn by the board of education in payment of the salary of the superintendent of public schools, and are delivered to such superintendent, they become binding, and he is entitled to payment according to their terms, and the board of education has no power to capriciously revoke or rescind them, or to alter the provision for their payment.

4. *Same; same; mandamus to compel payment of warrant; when fact that treasurer has no funds on hand not a sufficient excuse.*—When in answer to the rule *nisi* issued upon a petition for *mandamus*, to compel the treasurer of a municipality to pay warrants drawn on the city treasury by the board of education in favor of the superintendent of public schools, as provided by statute, there is shown that at the time of the service of the rule and at the time of his return, the treasurer had no school funds in his hands, but the evidence also shows that sufficient funds came into his hands subsequent to the presentation of the warrants for payment, and that he had sufficient funds before and after the service of the rule, and at the time of the trial, to pay the warrant, the fact that the treasurer had no funds in his possession at the time of the service of the rule or of his return is no answer to the petition, and a peremptory writ of *mandamus* should issue.

Appeal from the City Court of Birmingham.

Heard before the Hon. W. W. Wilkerson.

This is an appeal from a judgment of the city court of Birmingham, denying the petition of the appellant for the issuance of a writ of *mandamus*, directed to the appellee, as treasurer of the town of Woodlawn; and the rendition of this judgment is assigned as error. The facts of the case are sufficiently stated in the opinion.

D. C. Buckshaw and Z. T. Rudulph, for appellant. The petitioner was entitled to a peremptory writ of *mandamus*, as applied for. As a general rule, to entitle a party to *mandamus*, there must concur a specific legal right and the absence of any other specific and adequate legal remedy; and such other remedy must be tested by its sufficiency to place the party in the same position he occupied before the omission of the duty complained of, or would have occupied had the duty been performed. *Sessions v. Boykin,* 78 Ala. 328; 2 Dillon on Munic.

[Somerville v. Wood.]

Corp., pp. 1010, 1027, note 2; *Jack v. Moore*, 66 Ala. 185; High's Extraordinary Legal Rem., § 351; *Raisch v. Board of Education*, 22 Pac. Rep. 890; *Maher v. State ex rel. Allen*, 49 N. W. Rep. 436; *State v. Philbrick*, 8 Atl. Rep. 122; 21 Amer. & Eng. Encyc. of Law, 759; *Howard v. Bamford*, 3 Or. 566; *Case v. Wresler*, 4 Ohio St. 561; *Apgar v. Trustees*, 34 N. J. L. 308; *Ray v. Wilson*, 10 So. Rep. (Fla.) 613.

LANE & WHITE and J. S. KENNEDY, *contra.*—No part of the funds appropriated for one scholastic year can be used for expenses incurred in a preceding scholastic year.—Code of 1886, §§ 1009; 960, subd. 5 and 6; 967, 968, 974, 975, 3800; *Gay v. Bankston*, 100 Ala. 280; Public School Laws, 158, 162; Beach on Public Corporations, §§ 790, 791, 802.

COLEMAN, J.—The appellant filed his petition, praying for the writ of *mandamus*, to compel the treasurer of Woodlawn to pay certain warrants which had been issued to him in payment for services rendered as superintendent of public schools. The defendant made his return to the rule *nisi* which had been issued and served upon him, in pursuance of the prayer of the petition. The petitioner moved to quash the answer, and also demurred to the same, assigning several grounds of demurrer. According to the abstract no action was taken by the court upon the motion to quash or upon the demurrer to the answer. Under these circumstances, the presumption is, that petitioner waived his right to have judgment upon the motion, and upon the demurrer. The cause was tried upon the petition, answer and the evidence.

There is no serious controversy, that the warrants were allowed by the board of education of the town of Woodlawn, and were drawn by the proper officers, and duly presented to the treasurer for payment; and it seems to be established beyond reasonable controversy that the board of education, and the mayor and council of Woodlawn, so far as they have authority, have provided for and directed the payment of these warrants. The evidence shows that the services for which the warrants were issued, were rendered during the scholastic year, extending from October 1st, 1894, to September

[Somerville v. Wood.]

30th, 1895. The respondent justifies his refusal to pay, upon two grounds : first, that there is no authority in the board of education or elsewhere to direct and apply school funds received by him for and during the scholastic year beginning October 1st, 1895, and ending September 30th, 1896, in payment of warrants issued for services rendered during the preceding scholastic year ; and second, that there were no funds in his hands at the time of filing the petition or at the time of his return, for the payment of the warrants.

Counsel for appellee have cited us to several sections of the Code of 1886, which relate to the general school laws of the State. Without discussing these various sections, it is enough to say that the legislature possessed ample authority to establish and make such provision for the school district of Woodlawn as to it might seem right and proper, so far as relates to any question presented by the present appeal. See Acts of 1890-91, p. 229, and Acts of 1892-93, p. 923. Section 9 of the latter act reads as follows : "Be it further enacted, that all funds devoted to public school purposes in the city of Woodlawn, whether derived from State, county or city, shall be paid into the treasury of said city, and shall be disbursed, in such manner as the board of education may direct." There is no question of fraud or irregularity in the issue of the warrants to the relator ; and under such circumstances, we find no authority in the treasurer to pass judgment upon the power of the board of education, or to exercise a discretion in the disbursement of school funds received as such by him. When the warrants are allowed and drawn by the proper authorities and unrevoked for good cause, his duty is merely ministerial and not judicial. The first line of defense of the respondent is not tenable, and the treasurer ought to have paid these warrants from any school funds held by him, not otherwise specially appropriated by proper authority. On December 17th, 1895, the board of education "ordered the city treasurer to pay H. M. Somerville $75 on his back warrants as soon as the State fund was received in January, 1896." The evidence shows that on January 10th, 1896, $420 of the State funds were received. The evidence shows that on January 13th, 1896, the order to pay H. M. Somerville $75 was rescinded. No reason is assigned for the re-

scission of the order. We do not doubt the power of the board to revoke an order for the payment of school funds induced by fraud or mistake, or issued without legal authority. The facts show, that the relator was employed as school superintendent by the proper authorities, that they agreed to pay him seventy-five dollars per month, that the services were rendered, and warrants in legal form and by legal authority were issued to him. The justness of the claim of relator is not controverted. These warrants when delivered became binding, and were entitled to payment according to their terms. The board had no power to capriciously revoke or rescind them, or the provision for their payment.—*Grayson v. Latham*, 84 Ala. 546 ; *Commissioners' Court v. Moore*, 53 Ala. 25 ; *People v. Council of Buffalo*, 37 Am. St. Rep. 563. The evidence shows that these warrants were frequently presented for payment and refused by the treasurer, and after their presentation, he received large sums of school money, which he disbursed in payment of warrants subsequently issued, without direction or special appropriation of funds to the payment of such warrants. He has wholly failed to offer a legal excuse for such discrimination against the warrants held by relator.

This brings us to the consideration of the second question. The evidence shows that at the time of the service of the rule *nisi*, and at the time of his return, the treasurer had no funds in hand. The evidence showed that sufficient funds came into his hands subsequent to the presentation of the warrants for payment, and prior to service of the rule *nisi* ; and the evidence also shows, that subsequent to his return and prior to the trial, he came into possession, as treasurer, of ample funds to pay relator's warrants, and at the time of trial, there were subject to his order more than sufficient for the purpose. The question is whether the fact that he had no funds in possession, under these circumstances, is a full answer to the petition for the issue of a peremptory writ. The general rule is, that a peremptory writ will not issue, to command the doing of an act, which the party is not able to do. The facts of the case, in our opinion, do not entitle the party to avail himself of this rule. The evidence shows not only that the respondent time and again has been in possession of sufficient funds

[Baader v. The City of Cullman.]

to pay the warrants, but he was continually receiving funds which might and should be thus applied, but at the time of trying the issue, the then superintendent of public schools, J. W. Dewberry, held one hundred and sixty-five dollars for the treasurer pending the litigation. Although the evidence shows that the treasurer did not have the funds on hand, neither his return nor the evidence is sufficiently satisfactory to show that he is unable to perform the mandate of the court, and that the issue of the writ would be unavailing.—*Benton Harbor v. Street Railway Co.*, 102 Mich. 386, (47 Am. St. Rep. 553) ; *Ex parte Shaudies*, 66 Ala. 134, 136 ; 14 Am. & Eng. Encyc. of Law, 234, note 6 ; *Savannah, &c., Canal Co. v. Shuman*, 91 Ga. 400, (44 Am. St. Rep. 43).

The right of petitioner to the writ of *mandamus* as a proper remedy is not before us for consideration. Under the pleadings and evidence, we are of opinion a peremptory writ should have been awarded. The judgment of the city court will be reversed and the cause remanded, that the proper judgment may be rendered in accordance with the conclusions stated in the foregoing opinion.

Reversed and remanded.