(86 South. 37)

### HASTY, Judge, v. MARENGO COUNTY BANK. (2 Div. 703.)

(Supreme Court of Alabama. April 22, 1920.)

**1. Mandamus ⬅109 — Remedy available against county depositary.**

As the summary remedy given by statute against a county treasurer is not available against a county depositary, mandamus is a proper remedy to compel payment by the depositary of a salary warrant.

**2. Counties ⬅197—Claim for salary fixed by statute need not be audited by commissioners.**

As the salary of the judge of the county court of Marengo county was fixed by Acts 1915, p. 603, at $600 per year, payable monthly out of the county treasury, claims for such salary do not come within the influence of Code 1907, § 211, relative to claims which have been audited and allowed by the court of county commissioners, requiring registration thereof.

**3. Statutes ⬅230—An original act is not rendered amendatory because of reference in title to laws affected.**

Acts 1915, p. 603, which by its title required all fees collected by Code 1907, §§ 6655, 6656, in the county court to be paid in the county treasury to provide a fund out of which the salaries of the judges of the county court should be paid, etc., is not rendered an amendatory act by reference to the sections of the Code affected; the reference being merely to make the act more definite.

**4. Evidence ⬅28—Courts judicially know statute law.**

Court takes judicial notice of state statutes.

**5. Statutes ⬅124(1)—Title of act relating to salaries of judges of county court sufficient.**

Acts 1915, p. 603, entitled an act "to require all the fees collected, by sections 6655 and 6656 of the Code, in the county court to be paid into the county treasury; to provide a fund out of which the salaries of the judges of the county court shall be paid, and to fix the amount of such salaries," is sufficient, under Const. 1901, § 45, declaring that an act shall contain but one subject, which shall be expressed in its title, the reference to the sections not making amendatory the act which was intended to fix the salaries of the judges of the county courts, which had been re-established throughout the state in counties where they had previously been abolished.

**6. Judges ⬅22(3)—Salary not limited to fees collected.**

Acts 1915, p. 603, providing for payment of fees collected in county court into the county treasury, and fixing the salary of the judge of such court, does not limit payment of salary to the special fund created by collection of fees; the obvious purpose of the act being to abolish the fees entirely.

**7. Statutes ⬅93(10)—Fixing of salary of county judge according to population valid.**

Acts 1915, p. 603, which fixed the salaries of county judges according to classification based on the population of the several counties, is valid; the classification being reasonable.

**8. Statutes ⬅124(1)—Title of act fixing salaries need not indicate that they were based on population.**

Acts 1915, p. 603, fixing the salaries of county judges based on classification of the counties according to population, is valid under Const. 1901, § 45, although the title did not suggest that the salaries of the several counties of the county court should be regulated according to population.

**9. Counties ⬅165—Salaries are payable on the last day of each month, and warrants should be so drawn.**

While Acts 1915, p. 603, fixing the salaries of the judges of county courts became effective January 15, 1917, yet as Code 1907, § 1569, provides that salaries of all officials are payable on the last day of each month, a salary warrant for January, 1917, should have been drawn on the last day of January for the amount of salary due for the fractional part of the month, so a warrant drawn on February 14, 1917, for one month's salary, was not proper, and payment should be refused.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Petition by A. L. Hasty, as Judge of Probate and as Ex Officio Judge of the County Court of Marengo County, for writ of mandamus to the Marengo County Bank, as depositary, to compel payment of salary warrant. From a judgment sustaining a demurrer to the petition, petitioner appeals. Affirmed.

J. J. Mayfield, of Montgomery, for appellant.

The claim is proper and correct. Where a claim is fixed by law against a county as to validity and amount, presentment is not necessary. 65 Ala. 461; 46 Ala. 118; 56 Ala. 183; 66 Ala. 184; 55 Ala. 534; 103 Ala. 398, 15 South. 828. This was not a

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

claim required to be registered. Section 211, Code 1907; 203 Ala; 401, 83 South. 170. The depositories are charged with the same duties and liabilities as county treasuries. Acts 1915, p. 349. Mandamus was the proper remedy. 203 Ala. 401, 83 South. 170; 203 Ala. 129, 82 South. 159; 186 Ala. 561, 65 South. 333; 1 Ala. 15; 6 Ala. 262; 13 Ala. 805; 17 Ala. 527; 117 Ala. 441, 22 South. 489. The fact that petitioner has the right of action against the county is no reason why he should not have this remedy. 120 Ala. 520, 24 South. 895. It is not necessary that the funds be a special fund for the payment of this particular claim. 115 Ala. 534, 22 South. 476; 78 Ala. 328, as explained in 120 Ala. 521, 24 South. 895.

Wm. Cunninghame, of Linden, for appellee.

The petition should have stated that the bank was the depository; that there was enough in the special fund to pay the claim, that it had been presented and registered. 197 Ala. 384, 72 South. 550; 120 Ala. 509, 24 South. 895; 57 Ala. 209; section 4864, Code 1907. The act is unconstitutional and void. 109 Ala. 28, 19 South. 857; 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23; 146 Ala. 198, 40 South. 205, 3 L. R..A. (N. S.) 822; 187 Ala. 417, 65 South. 942; 197 Ala. 357, 72 South. 540; 25 R. C. L. 866. The salaries of the officers are payable on the last day of the month, and this warrant was void in form. Mandamus is not the proper remedy. 197 Ala. 384, 72 South. 550; 154 Ala. 248, 45 South. 587; 203 Ala. 129, 82 South. 159.

GARDNER, J. Appellant filed his petition in the Marengo circuit court for writ of mandamus to be directed to the Marengo county bank as the county depositary for Marengo county, to require the payment of a warrant for one month's salary due the petitioner as judge of the county court of said county.

The demurrer to the petition was sustained, and from this adverse ruling a nonsuit was taken; and this appeal is prosecuted to review the action of the court in sustaining such demurrer.

[1] It is insisted that mandamus is not the proper remedy. As against a county treasurer it has been held by this court that mandamus would not lie in a case of this character; but these decisions are based upon the fact that our statutes provide a summary remedy against the treasurer upon his failure to pay the warrant. Brown v. Gay-Padgett Co., 186 Ala. 561, 65 South. 333. It has been recently held, however, that the summary remedy given by the statute against the county treasurer could not be invoked against a county depositary. Compton v. Marengo County Bank, 82 South. 159.[1] This therefore removes the only reason

against the remedy by mandamus, and we are of the opinion petitioner pursued the proper course in the instant case. First Nat. Bk. of Abbeville v. Terry-Briggs Co., 203 Ala. 401, 83 South. 170; Wyker v. Francis, 120 Ala. 509, 24 South. 895.

[2] The salary of the judge of the county court of Marengo county was fixed by the act of 1915 (page 603) at $600 per year, payable monthly out of the county treasury. The validity and amount of the claim against the county being fixed by statute, it does not come within the influence of section 211, Code 1907, relative to claims which have been audited and allowed by the court of county commissioners, requiring registration thereof. Caldwell v. Dunklin, 65 Ala. 461; Dale County v. Gunter, 46 Ala. 118; Shinbone v. Randolph County, 56 Ala. 183; First Nat. Bk. of Abbeville v. Terry-Briggs Co., supra.

[3-5] The demurrer also attacks the validity of the act of 1915 (page 603) upon the ground that its subject is not clearly expressed in the title. The title of the act is as follows:

"To require all the fees collected by sections 6655 and 6656 of the Code, in the county court to be paid into the county treasury; to provide a fund out of which the salaries of the judges of the county court shall be paid, and to fix the amount of such salaries."

The first section of said act provides that all fees allowed in the county court by the sections of the Code above cited in the title, or by any other provisions of law, are to be paid into the county treasury. Section 2 is to the effect there shall be paid out of the county treasury to the judge of the county court an annual salary, in equal monthly installments, varying according to the population of the county, as follows: In counties having less than 25,000 population $300; in those having 25,000 and less than 35,000 $450; and in counties having more than 35,-000 $600, which shall be in lieu of all fees or compensation allowed such county court judge for services rendered—and further stipulates that the payment of such salary shall be, by warrant of such judge, drawn on the county treasury; and that the population shall be determined by the last federal census preceding the time of the payment of the fees.

It will be noted that this is an original law, and not amendatory. The fact that reference is made to two sections of the Code, above referred to, does not convert the act into an amendatory one. It is in form original, and merely refers to these sections in order to make the same more definite. Cobb v. Vary, 120 Ala. 263, 24 South. 442.

The title clearly indicates the purpose to place the judges of the county courts on salaries, and to require all fees collectable in

[1] 203 Ala. 129.

such courts to be paid into the county treasuries in order that a fund may be provided for that purpose. It is judicially known that at the time of the passage of this act there had been provision made for the re-establishment of the county courts throughout the state where they had been previously abolished; and this act clearly indicates a purpose to eliminate the fee system as to the judges of the county courts, and place them on a salary basis. We do not agree with counsel that it is to be read as indicating that the fund to be provided must be entirely sufficient in every respect to pay the salary in full, for, if so, the evident purpose to do away with the fee system would not be subserved. Section 45 of our Constitution has been the subject of much discussion in numerous cases, and need not be here reviewed. Much is left to legislative discretion. Glasscock v. State, 159 Ala. 90, 48 South. 700. Suffice it to say, we are of the opinion that the act here in question is not violative of the above provision of our Constitution. Lindsay v. U. S. S. & L. Ass'n, 120 Ala. 156, 24 South. 171, 42 L. R. A. 783.

[6] What has been said above also answers the objection, taken to the petition, that it does not disclose a special fund had been provided sufficient for the payment of this salary. As previously stated, we do not construe the title or subject-matter of the act as indicating a purpose that the salary is to be paid only out of the special fund so provided, and as not to be paid if this fund is not sufficient therefor.

[7, 8] Some reference is made in brief to the classification as to population. In ex parte Johnson, 84 South. 803,[2] present term, reference in a general way is made to this act, and the opinion states that the classification therein embraced is entirely valid, and we now adhere to that conclusion. It was clearly not violative of section 45 of the Constitution for a failure of the title to suggest that the amount of the salaries of the several judges of the county courts throughout the state would be regulated according to the population.

[9] The foregoing act became effective January 15, 1917, and the petitioner's warrant was drawn on February 14, 1917, for one month's salary. Section 1569 of the Code of 1907 provides that salaries of all officials are payable on the last day of each month. The warrant should have been drawn on the last day of January for the amount of salary due for the fractional part of that month, and was therefore irregularly drawn. While this question does not in any manner affect the substantive law here presented, yet the point is specifically made in the assignment of demurrer to the petition, and stressed in argument of counsel upon this appeal. We are of the opinion that the ruling sustaining the demurrer may be rested upon this ground, and a consideration of this assignment of error therefore results in an affirmance of the judgment of the court below.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

