(89 South. 433)

**HASTY, County Judge, v. MARENGO COUNTY BANK.   (2 Div. 753.)**

(Supreme Court of Alabama.   April 21, 1921.
Rehearing Granted June 30, 1921.)

1. Counties ⟨key⟩165—Technical precision in naming custodian of funds in county warrants not required.

Since the custodian of county funds is not a party to the warrant, which is only an order on the county itself, technical precision in the designation of a custodian of county funds will not be required in the warrant.

2. Depositaries ⟨key⟩9 — Depositary of county funds held obligated to pay warrants drawn upon the county treasurer.

Although a depositary of county funds, under Laws 1915, p. 348, abolishing the office of county treasurer, is not a public officer, yet it is subject to all the duties and liabilities of the county treasurer and a warrant drawn upon the county treasurer, being certain to all intents and purposes, must be paid by the depositary.

3. Counties ⟨key⟩168(4)—Not liable for interest on warrants.

Although warrants drawn on a county depositary were not of the class requiring registration, the county is not liable for interest on the warrants.

4. Mandamus ⟨key⟩163—Demurrer does not lie for error in order for rule nisi and writ thereon.

Where an order for a rule nisi in a mandamus proceeding and the writ issued thereon erroneously included interest on certain warrants to be paid by the county, but the petition did not claim interest, the error in the rule and writ did not warrant the sustaining of a demurrer to the petition.

5. Mandamus ⟨key⟩154(4)—In petition for mandamus to a county depositary to pay warrants, allegation of available funds held not necessary.

In action for mandamus to a county depositary to pay warrants on the county, an allegation that funds are available to pay the warrants is not necessary, since the absence of available funds is a fact lying peculiarly within the knowledge of the officer.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Petition by A. L. Hasty, County Judge of Marengo County, for a writ of mandamus to the Marengo County Bank, County Depository, to pay certain warrants on the county. From a decree sustaining demurrers to the petition, petitioner appeals. Reversed, rendered, and remanded.

Thirty-three warrants were issued and are attached as exhibits to the petition, and show that they were drawn monthly on the last day of each month, beginning on January 31, 1917, and running to September 30, 1919.

The petition alleges that they are drawn on the "county treasury of Marengo county." The exhibits show that they are addressed to the "Treasurer of Marengo County." It is alleged that the warrants were presented to the defendant and payment by it was refused, on August 16, 1920, and that "there were ample funds and moneys in the county treasury of Marengo county liable to the payment of petitioner's warrants, and with which the said Marengo County Bank, the depository of Marengo county, could and should have paid said warrants when they were presented, and when it refused to pay the same on presentation for payment." The petition, as shown in the transcript, does not claim interest on the warrants; but the order for the rule nisi, and the alternative writ itself, are for the payment of the warrants "with the interest thereon from the date of such warrants."

A demurrer was filed to the petition, and sustained by the trial court, which in substance assigned three grounds of objection: (1) That the warrants were shown to have been improperly drawn on the *treasurer* of the county, and not on the county treasury or the depository of the county treasury, as required by law; (2) that it does not appear that interest is payable on the warrants from their date, even if the depository bank were liable for interest after a wrongful refusal to pay; and (3) that it does not appear that there were sufficient funds in the county treasury applicable to the payment of these warrants at the time of the filing of the petition. Thereupon, as shown by the minute entry in the record proper, the petitioner, on account of the adverse ruling on the demurrer, having declined to plead further, moved for a nonsuit with a bill of exceptions, and it was ordered. A motion is made in the court by the appellee to strike the bill of exceptions from the file, as being unnecessary for the purposes of this appeal.

J. J. Mayfield, of Montgomery, for appellant.

The warrant was for the salary fixed by law, and can answer no purpose, except as the receipt or voucher to the treasurer or depository. 53 Ala. 25; 21 Ala. 400; 98 Ala. 535, 13 South. 328; 85 Ala. 546, 5 South. 322. There is nothing in Acts 1915, p. 348, requiring warrants to be drawn upon the depository rather than the county treasurer or treasury, as there may or may not be county depositories. See Acts supra, and Acts 1915, p. 603. It was not necessary to allege that there were funds applicable to the payment of the warrant at the time of the filing of the petition for the writ. 197 Ala. 284, 72 South. 529; 18 R. C. L. 227; 115 Ala. 534, 22 South. 476. There is nothing in this suit that was not decided on the former appeal, reported

in 204 Ala. 229, 86 South. 37. 150 Ala. 477, 43 South. 578; 147 Ala. 439, 41 South. 811.

William Cunninghame, of Linden, for appellee.

This case presents different questions from the case decided in 85 South. 37. See 18 R. C. L. 57. The warrants were improperly drawn on the treasurer of Marengo county, Alabama. Acts 1915, p. 348; Acts 1915, p. 603; 204 Ala. 229, 86 South. 37; 203 Ala. 129, 82 South. 159. Interest is not recoverable on such warrants. 11 Cyc. 541; 7 R. C. L. 962; 34 Or. 266, 55 Pac. 967, 75 Am. St. Rep. 641, 43 L. R. A. 634; 136 U. S. 211, 10 Sup. Ct. 920, 34 L. Ed. 336. The allegations are not sufficient to show that there were funds available for the payment of the warrant at the time of the filing of the petition. Section 4864, Code 1907; 204 Ala. 229, 86 South. 37; 155 Ind. 1, 55 N. E. 959; 197 Ala. 386, 72 South. 550; 57 Ala. 209; 133 Ala. 326, 32 South. 131.

SOMERVILLE, J. Construing the act of September 15, 1915 (Gen. Acts 1915, p. 348), abolishing the office of county treasurer and providing for the deposit of county funds in banks designated as depositories, this court has held that it was intended to create a mere contractual agency to perform the functions of the former county treasurer, and that the depositary did not become a public officer. Compton v. Marengo County Bank, 203 Ala. 129, 82 South. 159. The act provides that—

"All warrants drawn upon the depository must be signed by the probate judge of said county or the president of the board of revenue," etc.

It is further provided, however, that if the county board are unable to arrange with a county bank for its assumption of the duties and functions of a depositary, they "may designate some individual who may act as treasurer of such county under such terms and conditions" as may be fixed by said board.

Three days after the approval of the depository act, the act was approved fixing the salaries of county judges, and providing for their payment "by warrant of such judge drawn on the treasury of the county." Gen. Acts 1915, pp. 603, 604. On the original hearing we concluded, too narrowly and technically as we now think, that such salary warrants, in order to support a proceeding in mandamus to compel their payment, must be drawn upon the county depository, where one existed, and not upon the county treasurer, whose office had been abolished.

That view of the matter reflected, as we are now disposed to concede, a momentary lapse of the judicial mind to the old fetish of form, in disregard of sense and substance. No doubt the practice everywhere is to use the old form of warrants which were drawn on the county treasurer, and they would be strictly appropriate in counties where no depository exists, and where an appointee of the county board is acting as treasurer. In any case, the status might change from one to the other after warrants have been drawn, and very clearly this should not and would not affect the validity of the warrants, nor relieve the custodian of the county funds of the obligation to pay them.

[1] The custodian of county funds is not a party to the warrant. "It is nothing more than an order on the county itself, the debtor." Savage v. Mathews, 98 Ala. 535, 13 South. 328; Com'rs' Court v. Moore, 53 Ala. 25, 28. It is in substance and effect an authorized demand upon the county treasury, and if it so appears upon its face courts will not indulge in the finical requirement of technical precision in the designation of the custodian of county funds. It is enough that the warrant evidences the payment of an authorized demand, and would as a voucher in the custodian's hands protect him against liability for an illegal payment.

[2] While such a depositary is not a public officer, as hereinbefore noted, yet it is subject to all the duties and liabilities of a county treasurer, as previously prescribed by law, and a warrant drawn upon the county treasurer is certain to all intents and purposes, and must be paid by the depositary as though drawn upon him eo nomine.

[3] Counties are not liable for interest on warrants for the payment of money.

"When a claim against a county is audited and allowed by the commissioners' court, and the party to whom it is payable accepts the warrant on the county treasurer for its payment, he does so with the knowledge that, by law, it can be paid by the treasurer only in the order of its presentment and registration. Unless there is a failure to pay in this order, the principal is not detained, or withheld, and interest cannot accrue. If there is such failure, it is the default of the treasurer, not of the county, and the statute subjects him to liability for interest, and ten per cent. damages in addition. From the day of this default only interest attaches. It does not accrue against the county, but against the treasurer." Vincent v. Gilmer's Ex'r, 51 Ala. 387.

It is true that these warrants were not of the class of claims which require registration (Hasty, Judge, v. Marengo Co. Bank, 204 Ala. 229, 86 South. 37), but this does not affect the application of the principle stated.

[4] The petition herein does not claim interest on the warrants, and was not subject to demurrer on that ground. The order for the rule nisi, and the writ issued thereon, erroneously included interest on the sum to be paid; but that error must be corrected in some appropriate way.

[5] On the original hearing we held that the petition should allege, not only that there

were funds in the county treasury available for the payment of these warrants at the time of their presentation to the depository, but also that such funds were available for their payment at the time of the filing of the petition for mandamus. The case of Farson v. Bird, Treas., 197 Ala. 384, 72 South. 550, does not support that rule as to the burden of allegation and proof. The rule is, we think, correctly stated as follows:

"Since the presence or absence of such available fund is a fact lying peculiarly within the knowledge of the officer, and can rarely, if ever, be certainly known by the creditor, except with the aid of the officer, it is but fair that, when that defense is relied upon, it should be alleged in the return of the officer, so that an issue on that point may be made up and determined with the burden upon the officer to show the absence of available funds." 18 R. C. L. 227.

In principle and effect that text is supported by the case of Somerville v. Wood, 115 Ala. 534, 22 South. 476. This is a new proceeding, and wholly distinct from the one formerly here on appeal between the same parties (Hasty, Judge, v. Marengo County Bank, 204 Ala. 229, 86 South. 37), and the questions decided on that appeal do not include those which are herein discussed. We hold that the demurrer to the petition was improperly sustained. The judgment of the circuit court will therefore be reversed, and one will be here entered overruling the demurrer, with remandment of the cause for further proceedings.

Reversed, rendered, and remanded.

All the Justices concur.