(93 South. 474)

**BARNES v. ALLDREDGE.** (6 Div. 642.)

(Supreme Court of Alabama. May 18, 1922.)

Licenses ⬲21—Act providing for fees of license inspectors reporting delinquencies construed.

Under Gen. Acts 1919, p. 442, § 366, requiring the license inspector to report delinquencies to the probate judge, but providing that licenses due October 1st shall not be delinquent before November 1st of each year, an inspector was not entitled to a fee on reports made October 30th prior to delinquency, notwithstanding the persons reported subsequently became delinquent.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action by R. Lee Barnes against E. G. Alldredge to recover license inspector's fees. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. From a judgment for defendant, plaintiff appeals. Affirmed.

John A. Lusk & Son, of Guntersville, for appellant.

Counsel argue appellant's right to recover without citation of authority.

Russell & Johnson, of Oneonta, for appellee.

Counsel argue questions without citing authorities.

SAYRE, J. Appellant, license inspector for Blount county, brought this action against appellee, probate judge of said county, to recover 15 per centum of certain license taxes paid to appellee in November, 1920. Appellant based his claim on the provisions of section 366 (page 443 of the Acts) of the act approved September 15, 1919, entitled "An act to provide for the general revenue of the state of Alabama." The section requires the license inspector—

"to scrutinize the records and stubs kept in the office of the judge of probate, and if it shall be reported to any license inspector or come to his knowledge that any person, persons, firms, or corporations have failed or refused to take out licenses required by law, the license inspector shall report the same in writing to the probate judge who shall forthwith cite such delinquent to appear before him and take out such license, but such probate judge shall not have authority to determine the liability of such delinquent for such license, but shall in each case issue a license to the applicant therefor upon the payment by him of the amount or amounts prescribed in this act. If such delinquent shall fail or refuse to take out license, the license inspector shall institute or cause to be instituted criminal proceedings against such delinquent, before any court having jurisdiction of such offense. In case of emergency the license inspector must commence the criminal proceedings in the first place. For performing the duties required by this section, the license inspectors are entitled for each case so brought before the probate judge, to be paid by the delinquent in addition to the license, fifteen per cent. * * * of the license so collected from each delinquent, which must be paid in all cases if report of delinquency has been made to the judge of probate of such delinquency, and if a criminal prosecution shall be commenced, either by affidavit and warrant, or information or indictment, the license inspector shall be paid fifteen per cent. of the penalty hereinafter prescribed in such case, all cost and penalty to be paid in money, but in all proceedings under this act, the license due October 1st shall not be delinquent before the 1st day of November of each year."

It is agreed that appellant reported to appellee in writing on October 30th—the 31st falling on Sunday—a list of the names of certain persons, firms and corporations, who, in November following, paid to appellee the several license taxes due by them, but nothing more, and on such payments received licenses to do business in their several lines. Appellant's theorem is that appellee should have collected 15 per cent. in addition to the license taxes, and in default should account to appellant as though such collection had been made.

Pretermitting all question as to the remedy

sought, we are of opinion that appellant is not entitled to judgment. There is no occasion for resort to the strict construction usual in such cases, nor is it needful to attach any consequence to the fact that the last day of October fell on Sunday. On its plain and ample face the act, which in pertinent part has been quoted, means that the license inspector is entitled to a fee of 15 per centum, to be paid by the delinquent licensee, so to speak, in addition to the amount of the license tax, only in case he reports the licensee as delinquent, and that licenses are not delinquent before the 1st day of November. Appellant reported as delinquent the licenses in this case on October 30th, prior to the delinquency and not afterwards. License inspectors are not entitled to fees for reporting persons, not delinquent at the time, but who become delinquent thereafter. The judgment rendered in favor of the defendant in the trial court was well grounded in law and must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.