(121 So. 35)

**STEWART v. GILLILAND, Probate Judge, et al. (7 Div. 855.)**

Supreme Court of Alabama.    March 21, 1929.

Motley & Motley, of Gadsden, for appellant.

Hood & Murphree and Goodhue & Lusk, all of Gadsden, for appellees.

GARDNER, J. Appellant, license inspector for Etowah county, seeks to recover of the probate judge and surety on his bond the statutory penalty alleged to be due him on account of delinquency of automobile owners in securing licenses.

The argument of plaintiff's counsel rests his right to relief upon the theory there was a breach of official duty on the part of the probate judge in failing to collect the penalty due from delinquent automobile owners to the license inspector when issuing their licenses, plaintiff having previously reported to the probate judge in writing the delinquency of said owners. This is the only question argued, and the decision here may properly be confined thereto. The argument appears to rest largely upon the assumption that the act of 1919 is of controlling influence. That act was considered, in reference to a somewhat similar question, in Barnes v. Alldredge, 207 Ala. 557, 93 So. 474; Acts 1919, p. 442, § 366. We think, however, that section 25b of the act of 1923 (Gen. Acts 1923, p. 294) was intended as a revision of the whole subject-matter of section 366 of the 1919 act, and intended as a substitute therefor, and, although containing no express words to that effect, must be held to operate as a repeal of the former provision. Prowell v. State, 142 Ala. 80, 39 So. 164; 36 Cyc. 1077. The act of 1923, differing in this respect from that of 1919, provides that the license inspector, being informed that any person, firm or corporation has failed or refused to take out licenses required by law, "shall forthwith cite such delinquent to appear before him at the courthouse of the county in which such citation is issued and show cause why the license or privilege tax required by law has not been paid and if such license is due, then the license inspector shall cause the delinquent to appear before the probate judge of the county and take out the same." Under the act of 1919 the license inspector was only required to report the delinquency in writing to the probate judge, but the act of 1923 requires that he first cite such delinquent to appear before him that he may show cause, if any exists, why he is not due the license.

The latter act contemplates a preliminary investigation by the license inspector before the report of delinquency is filed with the probate judge. This is a material change from the former act, and it may be safely assumed such investigation was intended, and does in fact serve a useful purpose. The penalty of 15 per cent. of the amount of the license is payable to the inspector "for performing the duties required by this section," and among these duties is the very important one, above indicated, of citation first of the alleged delinquent to appear before him to the end there may be a preliminary investigation. This section is penal in its nature and as such is subject to strict construction. Mangham v. Cox, 29 Ala. 81; Young v. State, 58 Ala. 358; Grooms v. Hannon, 59 Ala. 510; Barnes v. Alldredge, supra; Greek-American Produce Co. v. Ill. Cent. R. R. Co., 4 Ala. App. 377, 58 So. 994.

It is not pretended the complaint avers any compliance with this feature of the act of 1923, above discussed, and it may be inferred that in the performance of his duties the license inspector followed the provision of the act of 1919 rather than the revised provision of the later statute. But, however that may be, the plaintiff, under such penal statute and seeking recovery of a penalty, must bring himself within its terms. The penalty is due him "for performing the duties" prescribed by the act, and the complaint, failing to show such performance of duties as therein prescribed, was subject to the demurrer which sufficiently takes the point.

Other questions argued by counsel for appellees are pretermitted. The ruling of the trial court sustaining the demurrer will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.