(124 So. 225)
### SANDERS v. YOUNG, Clerk, etc.
(8 Div. 129.)

Supreme Court of Alabama. Oct. 17, 1929.

Watts & White, of Huntsville, for appellant.

Lanier & Pride, of Huntsville, for appellee.

THOMAS, J. The appeal seeks a review of the ruling sustaining defendant's demurrers to plaintiff's petition for mandamus.

The several demurrers are properly grouped by the trial court. The court was correct in the holding that the petition for the writ to enforce a mere private right was properly filed in the name of Sanders. Bryce v. Burke, Probate Judge, 172 Ala. 219, 231, 55 So. 635; Hasty v. Marengo County Bank, 206 Ala. 280, 89 So. 433.

The petition was not required to set out in full or state the provisions of the act creating the inferior court of Huntsville. Being a local, and not a private, law, the references thereto are sufficient, since the courts take judicial knowledge of the specific provisions thereof. Code, § 4540; Davis v. State, 141 Ala. 84, 37 So. 454, 109 Am. St.

Rep. 19; Compton v. State, 95 Ala. 27, 11 So. 69; Carson v. State, 69 Ala. 236. The ruling of the trial court on this phase of the demurrer is in consonance with the authorities.

The third group of demurrers raise the question of petitioner's private right to have the clerk of said court retain the fees for him and pay over on due demand to petitioner. The court was of opinion that the petition be denied and demurrer sustained.

The honored court thus states the questions of law raised by the demurrers and the decision thereof rendered by the lower court:

"Petitioner claims that the writ should issue because of the provision in section 3850 of the Code providing that a justice of the peace 'May deduct from fines and forfeitures collected by him, the amount due for his fees and those of the constable in cases in which the defendant was acquitted, or insolvent and unable to pay after conviction, a sum not to exceed fifty dollars for any calendar month.'

"The act creating the Inferior Court of Huntsville (Local Acts 1911, pp. 215–221), provides for the creation of the court 'in lieu of all justices of the peace' in precinct No. 1, with jurisdiction over the entire county; provides for a judge at a salary of $100 per month, and a clerk at a salary of $50 per month, both salaries payable 'out of the county treasury;' provides that 'the fees and costs of said court shall be the same as are now allowed by law to justice's court of this state and shall be collected by the clerk of said court.' It further provides that 'All of the costs and fees so collected by [the clerk] shall be paid into the treasury of Madison County once in every month,' and that 'all fines and forfeitures collected by the Clerk of said court must be paid into the treasury of Madison County once in each month. The money paid into the treasury of Madison County by the Clerk of said court must be kept apart from the other funds of said county, and known as 'The fund of the Inferior Court of Huntsville.'

"For failure by the clerk to comply with the provision as to payment of fines and forfeitures into the county treasury the clerk becomes liable to punishment for a misdemeanor. The act further provides that the constable of Madison County, precinct No. 1, shall be one of the officers of the court, and that the officers of the court 'shall be entitled to receive the same fees and compensation as now or as hereafter may be allowed for like services.'

"Section 3757 of the Code provides that the constable's fees 'must be taxed as costs by the court or justice, and collected like other costs.' "

The conclusion of the lower court was:

"The court is of opinion that the act creating the court evidences an expressed pur-

96.

pose that all fees, costs, fines and forfeitures collected by the clerk be paid into the county treasury, and that neither the judge nor the clerk is allowed to retain even his own salary out of same, but that they must get even their own salaries from the county treasury by proper warrants, and indeed that there must be no use by them of funds received by the clerk other than payment of same once a month into the county treasury. There is no provision in the act expressly providing that the constable's fees should be retained, or how his fees are to be paid, and the court is of opinion that the clerk is not authorized, and cannot be required, to retain his fees (as sought by the petition)' and pay them to him direct. If the Legislature had intended that exception should be made in favor of the constable it would probably have said so, as it could easily have done."

The express provisions of section 21 of Local Act of 1911, p. 220, are:

"The constable of precinct one, the sheriff and coroner of Madison county, shall be the officers of said court and they are authorized and it is hereby made their duty to execute and make due return thereof of all processes issued 'out of said court, and they shall be entitled to receive the same fees and compensation as now or as hereafter may be allowed for like services."

 The provisions of this local act should be construed with the provisions of general law that have application. We have noted that the inferior court created was in lieu of all other justice courts in precinct No. 1 in said county. In section 9, Loc. Acts 1911, p. 217, it is provided that, when there is no clerk, the judge shall perform the duties of the clerk; and under section 3850, subsec. 2, Code, it is made the duty of the justice of the peace to collect all fines and forfeitures where the defendant is not sentenced to jail or hard labor to pay the same or an appeal is taken, and he may deduct from fines and forfeitures collected by him, the amount for his fees and those of the constable in cases in which the defendant was 'acquitted, or insolvent and unable to pay after conviction, a sum not to exceed $50 for any calendar month; he shall pay the remainder to the custodian of the county fund or treasurer.

In sections 12 and 14 of the act (Loc. Acts 1911, p. 218), this duty is placed upon the clerk of that court. Subsequent to the creation of this court, the justice was required to pay semiannually to said custodian of county funds, fines and forfeitures collected, less the deductions allowed by law. Subsection 2, Code 1923, § 3850.

The provisions of section 14 of the local act require the clerk to pay fines and forfeitures collected into the county treasury, without mention of deductions. And section 3850,

Code 1923, provided for deduction of constable's fees in cases specified. These fees and the manner of collection were fixed by law. Sections 3756, 3757, Code 1923. The specific provisions of section 21 of the local act (Loc. Acts 1911, p. 220) made the constable of the precinct an officer of the court, and provided that he shall be entitled to receive the same fees and compensation as then and thereafter may be allowed for like services, and, when paid in, they are his property.

 It is clear to us that, while the justice or judge may not make such deductions for his own compensation, or that of the clerk, the payment being required as provided by the act, there was no discretion in the matter in so far as the constable's fees when collected. As to the fees of the constable or sheriff, they were not required to be paid into the treasury or to the custodian of county funds, and, being the property of such official, should be given over to him by the clerk of the court if it comes into his hands. The constable was charged under the law with prescribed duties, and for this reason he was entitled to the lawful fees allowed. And, as stated, when collected, should be paid over to him by the clerk. That is, the fees ordinarily allowed and collected for justice, the solicitor, and the fine and forfeiture are required to be paid to the county treasurer; other fees, those of sheriff, constable and witness, parties directly entitled thereto, are to be paid directly to them.

There was error in sustaining demurrer on the last-stated ground.

Reversed and remanded.

SAYRE, BOULDIN, and BROWN, JJ., concur.