139 So. 219

**McNEEL v. STILES, Judge.**

**6 Div. 926.**

Supreme Court of Alabama.

Oct. 15, 1931.

Rehearing Denied Jan. 21, 1932.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

Judge & Nesmith, of Birmingham, for appellee.

[1] 223 Ala. 533.

**BROWN, J.**

This is a bill of interpleader filed by J. P. Stiles, as judge of probate of Jefferson county, against B. H. Cooper, the license inspector of Jefferson county at the time the bill was filed, and John D. McNeel, his predecessor in office, calling on them to interplead and propound their claims to the sum of $289.-75, accumulating in the hands of the complainant and arising from the 15 per cent. penalties provided for by section 72 of the act approved July 22, 1927, entitled "An Act in Reference to and to Further Provide for the General Revenue of the State 'of Alabama." Gen. Acts 1927, pp. 139, 183.

The money in controversy was paid into the registry of the court with the filing of the bill, which disclaimed any interest on the part of the complainant.

The defendants by their separate answers admitted the allegations of the bill, each claiming the entire fund. The case was submitted on the admissions of the answers, without further proof, and the circuit court decreed that the respondent Cooper was entitled to the money.

The bill in substance avers that the respondent McNeel, during his incumbency, which ended on the 13th of February, 1931, scrutinized the records and stubs kept in the office of the judge of probate, and examined the license records of each city or town located in Jefferson county, and it came to his knowledge or was reported to him that divers persons, firms, and corporations had failed or refused to take out licenses for the businesses or occupations in which they were engaged and for which licenses were required by the laws of Alabama, and issued and served citations upon the said delinquents directing them to appear before him at the courthouse of Jefferson county, Ala., and show cause why the license or privilege taxes required by law to be paid by them, and which were then due, had not been paid. That the said respondent McNeel, as such license inspector, thereupon ascertained that the said license or privilege taxes were then due and delinquent, and thereupon caused said delinquent persons, firms, and corporations to appear before the judge of probate *to take out the licenses required of them by*

*law* and referred to in several citations issued and served by him.

After Cooper was appointed and entered upon the performance of the duties of the office, the license taxes not having then been paid, he cited and served citations upon the same delinquent persons, firms, and corporations cited by McNeel, the citations served by Cooper relating to the same, identical license or privilege taxes, and subsequent to the service of said last citations the said delinquent persons, firms, and corporations appeared before the judge of probate and paid the amounts required of them by law, together with the 15 per cent. penalty, and a fee of $1.50 for each citation served.

In Stewart v. Gilliland, Judge of Probate, 219 Ala. 32, 121 So. 35, it was ruled that under the act of 1923, which in the respect here pertinent is identical with the act of 1927, the license inspector, to be entitled to the 15 per cent. penalty, must comply strictly with the provisions of the act and perform all the services required by it.

■ The appellant's claim to the penalty in question fails, in this, the act requires, "if such license is due, then the license inspector *shall cause the delinquent to appear before the probate judge of the county and, take out the same.*" Section 72.

It is not enough that the inspector caused the delinquent to appear before the probate judge "to take out the license required of them by law and referred to in the citation."

The law contemplates that the services rendered, before the compensation is earned, shall produce the result of bringing into the proper channels to supplement the treasury the taxes due, and until this result is produced the inspector is not entitled to compensation. Stewart v. Gilliland, Judge of Probate, supra.

The decree of the circuit court is in accord with the foregoing view and is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.

### On Rehearing.

**BROWN, J.**

The statute provides that after notice is given to delinquents to appear before the license inspector "and show cause why the license or privilege tax required by law has not been paid and if such license is due, then the license inspector shall cause the delinquent to appear before the probate judge of the county *and take out the same.* * * *

For performing the duties required by this section, the license inspectors are entitled to be paid by the delinquent, in addition to the license, *fifteen per cent. of the amount of the license so collected* from each delinquent," etc. General Acts 1927, pp. 183, 184, § 72.

If the delinquent fails to pay the tax and take out a license, the inspector is authorized to institute criminal proceedings, and on each conviction is entitled to "fifteen per cent. of the penalty thereafter prescribed in such case." General Acts 1927, pp. 183, 184, § 72.

"Any person who is convicted of failing to take out and pay for the license required shall be fined not less than the amounts of all licenses required of him, and if convicted for refusing to take out the license shall on conviction, be fined not less than the amount of the State and county license due by him and not more than one hundred dollars in addition thereto," etc. Gen. Acts 1919, p. 443, § 367.

These statutes, being penal in their nature, must be strictly construed, and the construction is inescapable that the collection of the license tax in the first instance mentioned is essential to the assessment of the penalty of 15 per cent., the language of the statute being that the inspector is entitled "to be paid by the delinquent fifteen per cent. of the amount of the *license so collected.*" (Italics supplied.)

If the inspector fails to collect and resorts to criminal prosecution, no provision is made for the 15 per cent. of the tax collected, but the allowance is 15 per cent. of the penalty assessed by the court as a punishment, and such punishment does not satisfy the claim for the tax, nor confer on the delinquent the right to do business without a license.

So, if appellee Cooper had resorted to a criminal prosecution, instead of giving notice, the appellant would not have been entitled to the percentage of 15 cents for collecting the tax, unless it was made to appear that the tax was subsequently paid in response to the notice given by the first inspector. Moreover, there is nothing in the record showing that Cooper had any knowledge that McNeel had previously issued citations to said delinquents, and in the absence of such knowledge it was his duty under the statute to issue citations to them.

The application is without merit and will be overruled.

Application for rehearing overruled.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.