**HENRY, County Commissioner of Licenses, v. STATE ex rel. BIRMINGHAM WATER WORKS.**

6 Div. 717.

Supreme Court of Alabama.
May 9, 1935.

Rehearing Denied June 6, 1935.

A. A. Carmichael, Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for appellant.

Benners, Burr, McKamy & Forman and Grady W. Patterson, all of Birmingham, for appellee.

ANDERSON, Chief Justice.

The Revenue Law of 1927, § 72, p. 183, provides that it shall be the duty of the license inspector, among other things, "to scrutinize the records and stubs kept in the office of the Probate Judge and also to examine the license records of each city or town located in the county or counties of which he has been appointed license inspector and if it shall * * * come to his knowledge that any person, persons, firms or corporations have failed or refused to make out a license for a business or occupation for which a license is required by the State, the license inspector shall forthwith cite such delinquent to appear before him at the courthouse of the county in which such citation is issued and show cause why the license or privilege tax required by law has not been paid and if such license is due, then the license inspector shall cause the delinquent to appear before the probate judge of the county and take out the same, but such probate judge shall not have the authority to determine the liability of such delinquent for such license, and shall in each case issue a license to the applicant therefor upon the payment by him of the amount or amounts prescribed in this Act. * * * For performing the duties required by this section, the license inspectors are entitled to be paid by the delinquent, in addition to the license, fifteen per cent. of the amount of the license so collected."

The Legislature of 1931, Gen. Acts p. 522, created the office of commissioner of licenses in all counties of the class to which Jefferson county belonged, and made certain changes in the Revenue Act of 1927, among which was the creation of the office of commissioner of licenses, and by section 17 clothed him with all duties required of the probate judge under the Act of 1927, as well as other specified duties. We find no specific provision, however, in this act dealing with the penalty dealt with in section 72 of the Act of 1927, above quoted in part.

The same Legislature, that is, of 1931, passed an act, page 666, amending the aforementioned section 72 of the Act of 1927, as to the counties of the class to which Jefferson county belongs. This last act provides: "It shall be the duty of the license inspector to scrutinize the records and stubs kept in the office of the probate judge, and if it shall be reported to any license inspector or come to his knowledge that any person, persons, firms or corporations have failed or refused to take out license required by law, the license inspector shall report the same in writing to the probate judge and such license inspector shall forthwith cite such delinquent to appear before the judge of probate and take out such license, but the probate judge shall not have authority to determine the liability of such delinquent for such license, but shall in such case, issue a license to the applicant therefor, upon payment by him of the amount or amounts, penalties and fees as prescribed by this Act."

In the consideration of this case, we are confronted with unpardonable legislative

bungling, as the Act of 1931, p. 666, seems to take little or no notice of the one passed just five days prior thereto, page 522. The last act deals with the subject as if the duties of the probate judge had not been transferred to the newly created commissioner of licenses by the Act of July 16th, 1931, p. 522. If we hold that the Act of July 23rd, 1931, is repugnant to the Act of July 16th, 1931, and repeals so much thereof as is in conflict with the latter, the petitioner has no standing in court, as his application should have been made to the probate judge and not to the commissioner of licenses. But we will treat the question along the lines followed by the parties by substituting the commissioner of licenses for the probate judge, where the latter appears in the last act.

The petitioner contends that it had no citation from the license inspector to appear before the probate judge (commissioner here) to take out the license until after it had appeared on the morning of November the 1st to take out said license. This may be true, but if the inspector had notified the commissioner in writing that the license had not been taken out, this would have justified the commissioner in his refusal to issue the license unless the 15 per cent. penalty was included in the amount offered, as the failure to serve the citation on the appellee could not influence the commissioner, who had, under the statute, to act on the written notice served on him of the appellee's default. Of course, he would not be justified in acting on a spurious or unlawful notice. In other words, this appellee did not become delinquent until November 1st, and the petitioner avers that it applied for the license the morning of November 1st, and the license was refused because the respondent had received notice from the license inspector of the appellee's delinquency. Therefore, the notice could not be validly served, except in writing, after the appellee became delinquent and before it applied for the license on November 1st. If such a notice was so served, this would be a good defense to the petition, but should be set up by answer instead of demurrer. J. B. McCrary Co. v. Brunson, Mayor, 204 Ala. 85, 85 So. 396; Hasty, County Judge, v. Marengo County Bank, 206 Ala. 280, 89 So. 433. Of course, had the petition set out facts justifying the refusal of the commissioner to issue the license without therein controverting same, it would have been subject to demurrer, but the petition avers that the commissioner refused to issue the license because the license inspector had notified him that the

appellee was delinquent in taking out the license. As above set out, for the notice to have been a valid defense, it must have been in writing and served after the appellee became delinquent and before the license was applied for on the morning of November 1st.

The two cases cited by counsel, McNeel v. Stiles, 224 Ala. 181, 139 So. 219, and Stewart v. Gilliland, 219 Ala. 32, 121 So. 35, deal with the rights and duties of the inspectors to fees and penalties and not the right or duty of the probate judge (commissioner) to grant or refuse the license.

The trial court did not err in overruling the motion to dismiss the petition or in overruling the demurrers to same, and appellant, having declined to plead or answer, did not err in rendering a judgment for the appellee, and the judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.