162 So. 365

STATE on Behalf of HENRY, Commissioner of Licenses, v. STATE ex rel. HOTEL TUT-WILER OPERATING CO.

6 Div. 715.

Supreme Court of Alabama.

May 30, 1935.

Rehearing Denied June 27, 1935.

658

A. A. Carmichael, Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for appellant.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

BOULDIN, Justice.

The proceeding was by mandamus to require the commissioner of licenses of Jefferson county to issue licenses to do business for the tax year, October 1, 1934, to September 30, 1935. The commissioner refused to issue licenses without payment of a 15 per cent. penalty for delinquency. The one question of law is whether the taxpayer was due to pay this penalty.

By special statute creating the office of commissioner of licenses in Jefferson county, he stands in place of the judge of probate under the general law applicable to other counties in the collection of license taxes, issuance of licenses, and other legal duties pertaining thereto. Gen. Acts 1931, p. 522; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278.

Admittedly the governing statute is the Act of July 23, 1931, amending section 72 of the Revenue Act of 1927 (Gen. Acts 1927, p. 183), so far as relates to Jefferson County. Gen. Acts 1931, p. 666.

The license taxes are due October 1st, but, as matter of convenience, or grace, the taxpayer is given until October 31st, one-twelfth the business year, to pay the tax and get his license. It becomes delinquent on November 1st.

License inspectors are provided as an enforcement agency of the state. They are required to scrutinize the stubs and records in the office where license taxes are collected and licenses issued, to discover delinquencies, and with the aid of this and other information obtainable, report same in writing to the judge of probate (license commissioner in Jefferson), and forthwith cite such delinquent to appear before the judge of probate (commissioner) and take out such ·license.

The penalty provision reads: "For performing the duties required by this Section, the license inspectors are entitled for each

case so brought before the probate judge, to be paid by the delinquent in addition to the licenses, fifteen percent of the amount of the license so collected from each delinquent, which must be paid in all cases if report of delinquency has been made to the judge of probate of such delinquency." Gen. Acts 1931, p. 666.

In the instant case, the taxpayer mailed a check to the commissioner of licenses on October 31st, which reached the office of the commissioner in due course of mail on the morning of November 1st. Meantime, and before receipt of such check, in so far as alleged in the petition, the license inspector had duly filed a report of delinquency. The commissioner thereupon declined to issue the license without payment of the 15 per cent. penalty.

The present statute is in all pertinent respects the same as that of 1919, construed in Barnes v. Alldredge, 207 Ala. 557, 93 So. 474. In that case the imposition of the penalty was denied on the express ground that the report of delinquency was made on October 30th, before there was any delinquency. That case recognizes that such tax was delinquent on November 1st, and, inferentially, holds such penalty would have been due, if the report had been filed on November 1st, and before the tax was paid.

The case of Stewart v. Gilliland, Probate Judge, et al., 219 Ala. 32, 121 So. 35, arose under section 25b of the Act of 1923 (Gen. Acts 1923, p. 294), wherein the corresponding section of the act of 1919 was recast so as to require the license inspector to first cite the taxpayer to appear before him and show cause for not paying the privilege tax alleged to be delinquent. The case holds the legislative change by the act of 1923, contemplated no report of delinquency until this preliminary citation and hearing were had by the inspector. The penalty was denied on the same ground as in the Barnes Case, supra, namely, that the report of delinquency was prematurely filed. Under that system it was quite convenient for the taxpayer to delay taking out license, take the chance of evading the tax, until he received a citation, whereupon, he could come in and pay, and escape the 15 per cent. penalty, notwithstanding the services of the inspector in the discovery of his delinquency, the issuance of the citation, etc.

■ The act of 1931, therefore, went back to the former system, wherein the first act of the inspector, after discovery of delinquency, is the filing of a report of same with the collecting authority. The statute is clear and peremptory, that the penalty accrues at that time, to be collected when the tax is collected, with further duties on the inspector, if need be, to enforce such collection.

■ Stress is laid on the fact that the statute declares these penalties due for the services rendered by the inspector; and that, in this case, his services in no way contributed to bringing the check for these taxes.

Penalties under tax laws are for delinquency to prevent delay, and escapes resulting in loss of the public revenue, as well as to meet the expense of a legal set-up occasioned by delinquency.

■ The collecting authority, under this system, acts purely on his records. He has no jurisdiction to inquire into what services the inspector has rendered, nor whether the taxpayer is due to pay the license. When he comes to take out a license of his own choosing, the commissioner knows, as matter of law, he is delinquent, and knows by the report on file that such delinquency has been duly reported by the inspector. On these facts, he must collect the penalty, and is under no duty to issue the license, but is under duty not to do so, unless the penalty is paid. To hold the penalty is not due under the present statute until citation is issued by the inspector, or issued and served on the taxpayer, is to disregard the plain terms of the statute, as well as to disarrange the orderly procedure the statute intends.

The trial court was in error in awarding mandamus. The judgment is reversed, and one here rendered dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

### On Rehearing.

BOULDIN, Justice.

In brief on application for rehearing, counsel call attention to the case of Eugene B. Henry, Commissioner of Licenses of Jefferson County v. State ex rel. Birmingham Water Works (Ala. Sup.) 161 So. 494, which cause was pending on application for rehearing when the original opinion in this cause was announced. It is insisted the two cases are identical on all points of merit, yet the results are wholly different.

The two decisions are in entire harmony on the main question, viz.: That license taxes are delinquent after October 31st, and

that, if a written report of delinquency be filed by the license inspector with the commissioner of licenses on November 1st, before application is made for license with offer to pay such tax, or, if by mail, before such application with accompanying check reaches the office of the commissioner of licenses, the penalty attaches, and license should not issue without payment thereof.

But, in view of the fact that the Birmingham Water Works Case turned on a question of pleading, we deem it proper to differentiate this case on that point.

The full averments of the petition touching a report of the license inspector, are as follows: "Your petitioner further avers upon information and belief, and upon information and belief, states as a fact that on the 1st day of November, 1934, R. G. Mushat, as License Inspector of Jefferson County, Alabama, notified the said Eugene B. Henry, as Commissioner of Licenses of Jefferson County, Alabama, in writing, that your petitioner was delinquent in the payment of the licenses hereinabove set out."

Touching the reason given for demanding payment of the penalty, the petition exhibits a letter written by the commissioner responding to a second tender in lawful money, not including the penalty, saying: "I hereby decline to accept the above tender and to issue the licenses requested on the grounds that the check delivered to me on the 1st day of November did not include fifteen per cent penalty required by law- and this tender is refused for the same reason, the license inspector having notified me in writing as required by law of your delinquency."

It is apparent these facts differentiate this case from the Birmingham Water Works Case, supra.

We adhere to the view, that, with above averments in the petition, it was upon petitioner to negative the fact of a report of delinquency in writing duly filed, etc.

.A petition for mandamus must disclose a clear legal right to have done the official act which he seeks to coerce. Public officials are presumed to be acting in the line of duty, and a failure of duty must be averred as ground for mandamus.

The application for rehearing is overruled.

All the justices concur, except KNIGHT, J., not sitting.