193 So. 108

**McDOWELL, License Inspector, v. HENRY, Commissioner of Licenses.**

**6 Div. 611.**

Supreme Court of Alabama.

Dec. 21, 1939.

Rehearing Denied Jan. 25, 1940.

Mullins & Deramus, of Birmingham, for appellant.

Alta L. King, of Birmingham, for appellee.

664

ANDERSON, Chief Justice.

This case seems to have been tried upon the complaint and answer admitting the allegations of said complaint and which seems to be the equivalent of an agreed statement of facts. In fact, it seems to be agreed by briefs of the respective parties that the one and only question for decision is whether or not the respective tax payers were in such default as to subject themselves to the 15% penalty as prescribed by the statute for a default. It is practically agreed that the tax in question was due October the 1st and became in default if not paid by October the 31st. The tax was not paid by October the 31st, but the parties on that date mailed checks to the collector which were received by him the morning of November the 1st. As held, and correctly so, in our case of State on Behalf of Henry v. State ex rel. Hotel Tutwiler Co., 230 Ala. 657, 162 So. 365, the tax became delinquent because not paid before the expiration of October the 31st.

Indeed, the only attempt to escape the penalty is an effort to show an excuse for a failure to make the payment by October the 31st because the office of the collector was closed at 4:30 P. M. of said date.

"By special statute creating the office of commissioner of licenses in Jefferson county, he stands in place of the judge of probate under the general law applicable to other counties in the collection of license taxes, issuance of licenses, and other legal duties pertaining thereto. General Acts 1931, p. 522; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278." State on Behalf of Henry v. State ex rel. Tutwiler Co., supra [230 Ala. 657, 162 So. 366].

We know of no law requiring the commissioner of licenses to keep his office open until 12 o'clock of the night of October the 31st, or any other fixed hours, unless Section 9577 of the Code of 1923 which fixes the hour as to probate judges applied by implication and if it does this commissioner was within the requirement of same.

"A collector or receiver of taxes has a right to appoint certain reasonable hours of the business day during which alone his office will be open for the receipt of taxes." 61 C.J. p. 960, Section 1234; 21 R.C.L. p. 11, Section 5.

Moreover, it does not appear from the facts that these delinquent tax payers were deprived of paying the taxes in time because of the closing of the office at 4:30 P. M. October the 31st. It does not appear that they went to the office that afternoon after 4:30 to pay the tax and were prevented from doing so.

We are not unmindful of the rule that tax statutes, especially involving a penalty, should be strictly construed in favor of the tax payer, but here the statute is plain and unambiguous. The tax payers became delinquent October the 1st and were given until October the 31st to remove the delinquency and avoid the penalty and the delay seems to be due to their procrastination and not to the fact that the office was closed at 4:30 on the afternoon of October the 31st.

The circuit court erred in holding that the penalty was not due and the license should issue without the inclusion of the 15% penalty.

The judgment of the circuit court is reversed and one is here rendered directing the respondent to include the penalty as a condition to the issuance of the license.

Reversed and rendered.

THOMAS, BROWN, and FOSTER, JJ., concur.